SMITH, Justice,
for the Court:
Greg E. Milstid was convicted in the Circuit Court of Harrison County of the sale of a controlled substance and was sentenced to five years in the penitentiary. On appeal he assigns and argues as having constituted reversible error the fact that, on cross-examination, information was elicited from him that he had previously been convicted of burglary. It is conceded that the credibility of a defendant testifying as a witness in a criminal case may be impeached by showing that he previously had been convicted of a felony. Milstid, however, argues that this was improper here because, at the time of his trial in the present case, Milstid’s appeal to the Mississippi Supreme Court from his burglary conviction had not been acted upon and was then pending. This contention has been specifically rejected by this Court in Nicholson v. State, 254 So.2d 881 (Miss.1971). In Nicholson this Court said:
We find no merit in the appellant’s assignment relative to allowing the district attorney to cross examine him in regard to his recent conviction of the crime of manslaughter. ... A majority of the jurisdictions hold a defendant may be impeached by the use of a previous conviction which is on appeal. The basis for so holding is that unless and until the judgment of the trial court is reversed, the defendant stands convicted, is no longer presumed to be innocent of *1320 the crime for which he was convicted, and may be impeached by that conviction. Of course, after the conviction has been reversed it cannot be used for impeachment purposes until the defendant is again convicted. When a jury in circuit court returns a verdict of guilty, it is a conviction of the crime charged, and unless and until it is reversed by this Court, the conviction stands, and may be used for impeachment purposes. Bucklew v. State, 192 So.2d 275 (Miss.1966).
(254 So.2d at 883-884).
Appellant next asserts that he was improperly sentenced to the Mississippi State Penitentiary. It is pointed out that he was 18 years of age at the time of his trial and sentence and that he had no previous record of convictions of drug related offenses. He contends that in view of his age and of the fact that he had not been previously convicted of any drug related offense that he should have been sentenced as provided under Mississippi Code Annotated sections 41-29-149 and 41-29-150 (Supp.1976) rather than to the penitentiary. The attorney general concedes this point. The conviction will be affirmed and the case will be remanded to the trial court for imposition of sentence as provided by Mississippi Code Annotated sections 41-29-150(c) and 41-29-150(d). Since we find no reversible error in Milstid’s trial the conviction will be affirmed. The case is remanded to the trial court for imposition of a proper sentence under the statutes referred to.
CONVICTION AFFIRMED. CASE REMANDED TO THE TRIAL COURT FOR THE IMPOSITION OF THE PROPER SENTENCE.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.