LEE, Justice, for the Court:
Toby Cherry was convicted in the Circuit Court of Oktibbeha County for the possession of marijuana in an amount greater than one (1) kilogram, was sentenced to serve a term of three (3) years in the state penitentiary, and was fined one thousand dollars ($1,000). From that sentence and judgment he appeals here.
The principal question presented, which disposes of the case, is whether or not the lower court erred in refusing to grant a peremptory instruction of not guilty, and whether or not the verdict of the jury was contrary to the great weight of the evidence.
On August 20, 1978, about 11:00 p. m., the Sheriff of Oktibbeha County, along with two deputies, conducted a search of the Cherry estate premises, pursuant to a valid search warrant, and found three (3) garbage bags containing a green, leafy substance, which proved to be marijuana. Some of the same was also found in the living room.
Toby Cherry owned a one-fifth (Vfe) interest in the property. The house was occupied by Walter Effler and him. The marijuana was found in the bedroom of Effler, and, at the time of the search, neither Ef-fler nor appellant was at the house.
The State’s case was founded upon constructive possession of the contraband by appellant. Evidence introduced by. the State to prove the charge consisted of (1) the fact that appellant owned a Vs interest *204 in the house and lived there, and (2) the following notes signed by appellant:
(1)
“Walt:
Your part of the reefer we got from Heavy is in the sifter. The seeds are in their [sic] too. Tried to wake you up last night, but it was no use. See you in about 2 weeks.
Toby.”

I don’t know what went wrong. The county deputies came our here and ransacked the place. And I found some things were different and a warrant for my arrest for marijuana & paraphernalia. I’m going to where we were talking. I advise you to leave too. I’ll let my folks know where I’m at you can contact me through them. . Sorry things had to turn out this way, but I can’t let this happen to me.
Always friends,
Toby.”
Walter Effler testified that the marijuana belonged to him, that he got it in the State of Missouri and that appellant was not at home or in town when he obtained the marijuana. He further testified that appellant did not give him any money with which to buy the marijuana and that appellant knew nothing about it. When he brought the marijuana from Missouri, he said that it was wet and he spread it out in the driveway of the Cherry house to dry. He did not see appellant until approximately a week later. Effler further testified that the first note set forth above was in a briefcase in the living room and did not relate to the marijuana found in the house on August 20.
The testimony of Effler is undisputed and it is corroborated by other evidence. Walter Effler was employed by Larry Spence during the month of August, 1978. Spence, testified that Effler took several days off from work during that time and went to the State of Missouri. After Effler’s return, Spence and his wife went to the Cherry residence to talk with Effler, and they observed a quantity of marijuana which had been spread on the ground around the house. Mrs. Spence testified that she saw several bags of marijuana in the yard and she observed Walter Effler cleaning marijuana and giving it to two (2) unidentified individuals. She did not see appellant on the premises at any time. The Spences reported the incident to the Oktibbeha County sheriff who obtained a warrant and searched the premises.
Appellant denied that he knew anything about the marijuana. He had been out of the State of Mississippi from August 10, 1978, until late in the evening of August 20, when he returned and found a copy of the search warrant which had been left in the house by the sheriff. Appellant wrote the second note and placed it on the door where it was found the next day by the sheriff. He stated that the first note had been written three (3) to six (6) months prior to August 20, and referred to another incident..
The State cites Curry v. State, 249 So.2d 414 (Miss.1971) which announced the constructive possession rule as follows:
“What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of ‘possession’ is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. In the instant case, all of the circumstances and these criteria were sufficient to warrant the jury in finding that appellant was in possession of the marijuana.” (Emphasis added). 249 So.2d at 416.
*205 In Powell v. State, 355 So.2d 1378 (Miss.1978), the Court said:
“The correct rule in this jurisdiction is that one in possession of premises upon . which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable. We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband. Sisk v. State, 290 So.2d 609 (Miss. 1974).” 355 So.2d at 1379.
We are of the opinion that the verdict of the jury was contrary to the overwhelming weight of the evidence, and that under Burks v. State, 437 U.S. 1, 98 S.Gt. 2141, 57 L.Ed.2d 1 (1978), the case must be reversed and the appellant discharged. See Moody v. State, 371 So.2d 408 (Miss.1979).
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.