387 So.2d 735 (1980)
Earl WRIGHT
v.
STATE of Mississippi.
No. 52081.
Supreme Court of Mississippi.
September 3, 1980.
James H. Arnold, Jr., Durant, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and WALKER and BOWLING, JJ.
WALKER, Justice, for the Court:
Earl Wright appeals from his conviction in the Circuit Court of Holmes County of *736 the charge of burglary under Mississippi Code Annotated section 97-17-21 (1972). He received the maximum sentence for that crime, ten years in the penitentiary. He assigns as error the following:
(1) The court erred in overruling his motion for a new trial.
(2) The court erred in refusing to grant his requested peremptory instruction.
The State put on a convincing case against the appellant. Robert Hugh Spivey testified that he and his mother live in a house located one mile south of Cruger, Mississippi, in Holmes County. On Friday, July 13, 1979, he returned home from work at about six o'clock p.m. He discovered his home had been burglarized. Specifically, he stated, "I found a bathroom window broken  the glass knocked out  and some mud and tracks around the tub, that somebody had entered  broke the window and entered  and had walked around in the house, opened some drawers, and opened some closet doors, and more or less ransacked through the house." He stated that various items of jewelry were missing, including a silver bracelet, a ring, a necklace, and a gold cross.
Deputy Josh Leonard investigated the incident. He testified that he was able to obtain five identifiable fingerprints from the broken bathroom window. He compared these fingerprints to those he had on file and discovered they matched those of Earl Wright. He labeled the prints and sent them to the Crime Lab in Jackson.
The unimpeached testimony of Edgar Ronald Smith, a fingerprint examiner at the Mississippi Crime Laboratory, was that the prints from the window matched those of Earl Wright.
The defendant asserted an alibi in defense of the charge. He testified that on Friday the thirteenth he was with his brother, Lawyer Wright, from eight o'clock a.m. until about ten-thirty a.m. He watched television until about noon, then went to Cruger with his brother and a friend, Larry Smith. They returned to his home about two o'clock p.m., he helped his brother work on his car for an hour, then he went to sleep until after dark. He stated his mother and brother were with him the entire time.
The alibi was corroborated to some extent by the testimony of the defendant's two brothers and Larry Smith. However, none of these witnesses stated he was with the defendant after two o'clock p.m.
The testimony of the State's witnesses presented sufficient evidence upon which the jury could find beyond a reasonable doubt that a crime had been committed and that the accused had committed it. Peremptory instructions should be refused if there is enough evidence to support a verdict. Warn v. State, 349 So.2d 1055 (Miss. 1977).
The jury chose to accept the State's evidence and reject the alibi defense. The verdict is not contrary to the overwhelming weight of the evidence, and the lower court did not err in overruling the motion for a new trial.
Consequently, the verdict and sentence in the circuit court should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.