396 So.2d 1033 (1981)
Joel E. CARROLL and Harvey H. Heath
v.
STATE of Mississippi.
No. 52480.
Supreme Court of Mississippi.
April 15, 1981.
*1034 Joe O. Sams, Jr., Columbus, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Joel E. Carroll and Harvey H. Heath were indicted, tried and convicted in the Circuit Court of Lowndes County for sale of more than one (1) kilogram of marijuana. Heath was sentenced to fifteen (15) years with the Department of Corrections and assessed a fine of ten thousand dollars ($10,000) and Carroll was sentenced to a term of twelve (12) years and assessed a fine of ten thousand dollars ($10,000). On this appeal Carroll assigns two (2) errors and Heath assigns one (1) error in the trial below.

I.
Did the lower court err in refusing to grant a peremptory instruction of not guilty for appellant Carroll, and was the verdict of the jury contrary to the great weight of the evidence?
In January, 1980, the Lowndes County Narcotics Unit began an undercover drug operation in Columbus. On January 23, Narcotics Agent Rickey Peterson went to Sambo's Restaurant for a prearranged drug purchase of approximately one hundred (100) pounds of marijuana. Supporting him nearby and in contact by a body microphone on Peterson, was Officer Harold Dowdle. Inside the restaurant, Peterson and a confidential informer met with appellant Heath, who agreed to sell drugs to Peterson. At the latter's request, the three men left the restaurant and went to the parking lot where Heath was shown a large amount of money in Peterson's car and Heath agreed to make a sale to him in the Ramada Inn parking lot. Heath told Peterson he would be driving a silver Lincoln Continental and would be accompanied by someone with a high-powered rifle in the event anything went wrong. Another agent surveilled the transaction and followed Heath, who was driving a brown Toyota automobile, to the Lee Mall parking lot. At that point, Heath got out of the automobile and went inside the mall. A short while later, the agent saw Heath drive by him in a silver Lincoln Continental. That agent continued the surveillance of the brown Toyota until he received radio notice of Heath's arrest. He then went inside the mall and requested the information booth attendant to page the owner of the brown Toyota. Carroll answered the call, stated that the vehicle was his, and the agent identified himself and arrested Carroll as an accessory to the drug sale. Carroll then denied ownership of the Toyota. He was searched by the officer and a piece of paper was found in his wallet with the following figures on it: "$175.00 X 100." The marijuana sold by Heath was one hundred pounds at one hundred seventy-five ($175.00) per pound. A search of the vehicle did not reveal drugs, but a handgun was found.
At trial, Carroll testified that he owned the Lincoln Continental and that he loaned it to Heath in Alabama, but had no idea that Heath would use it to transport drugs. He further testified that Heath borrowed the automobile on January 22 and was to return it to him at the Lee Mall in Columbus, Mississippi, after lunch on the next day, January 23, and he only claimed ownership of the Toyota because it was in his possession and control at the time.
Heath testified that he had never sold marijuana before and did so only in response to repeated solicitation from the agents. He admitted that he purchased *1035 twelve thousand dollars ($12,000) to fourteen thousand dollars ($14,000) worth of marijuana on January 23 in Alabama and sold it to Agent Peterson later that day. According to him, Carroll had no knowledge of any drug deal and the figures on the paper found in Carroll's wallet were written by Heath and actually came from his wallet.
In determining whether a peremptory instruction should be granted and whether the verdict is contrary to the overwhelming weight of the evidence, the Court is required to accept as true all the evidence favorable to the State, together with reasonable inferences arising therefrom, to disregard that evidence favorable to the defendant, and, if such evidence will support a verdict of guilty beyond reasonable doubt, the peremptory instruction should be refused. Bullock v. State, 391 So.2d 601 (Miss. 1980); Wright v. State, 387 So.2d 735 (Miss. 1980); Saik v. State, 387 So.2d 751 (Miss. 1980).
The evidence here is circumstantial and Carroll's connection with the sale may be proved by his actions and declarations and the circumstances surrounding them. Shanklin v. State, 290 So.2d 625 (Miss. 1974). The burden was upon the State to prove Carroll's guilt beyond reasonable doubt and to the exclusion of every other reasonable hypothesis than that of his guilt.
Appellant Carroll relies upon Cherry v. State, 386 So.2d 203 (Miss. 1980). That case, however, may be distinguished from the case at bar, since it involved constructive possession of marijuana at a time when it was undisputed that Cherry had been absent from the premises for a period of two weeks, during which time another person brought the marijuana to those premises. In the present case, the evidence indicates the following with reference to Carroll's connection and participation in the sale:
(1) Heath agreed to sell one hundred pounds of marijuana for one hundred seventy-five dollars ($175.00) per pound and three thousand (3,000) pills for fifteen hundred dollars ($1,500).
(2) He borrowed Carroll's Lincoln Continental car to transport the marijuana.
(3) He left his own car (the Toyota) with Carroll.
(4) Carroll met with Heath in a mall near the drug drop point on the day of and just prior to the drug sale.
(5) He remained at the mall where the marijuana was located in his Lincoln Continental while Heath made the sale connection.
(6) He initially claimed ownership of the Toyota when confronted, then denied ownership when arrested.
(7) He possessed a writing which contained figures corresponding to the exact weight and price of the marijuana.
(8) Heath admitted writing the figures on the paper which was found in Carroll's wallet.
We are of the opinion that the facts and inferences in this case presented issues for the jury to determine concerning Carroll's connection with the sale and his guilt or innocence resulting therefrom and that the court did not err in declining to grant the peremptory instruction of not guilty and in holding that the verdict was not contrary to the overwhelming weight of the evidence.

II.
Did the lower court err in refusing to grant Carroll's motion for new trial on the ground that State's Exhibit # 8 was improperly admitted into evidence?
Exhibit # 8 was the writing hereinabove referred to which was found in Carroll's wallet. The court permitted introduction of the instrument on rebuttal, which was objected to by Carroll. The trial judge has wide discretion in admitting rebuttal evidence. Pierre v. State, 364 So.2d 1127 (Miss. 1978).
After overruling the objection, he permitted Carroll to introduce surrebuttal testimony, which overcame the prejudice *1036 which Carroll contends resulted from such evidence.

III.
Did the lower court err in refusing to grant Heath's motion for a new trial because Instruction D-7 was improperly refused?
The requested Instruction D-7 on entrapment follows:
"`Entrapment' means inducing or leading a person to commit a crime not ordinarily planned by them.
Evidence has been presented that the Defendants were induced to commit the crime by law enforcement officers or their agents. For you to find the Defendant guilty, the state must prove to your satisfaction beyond a reasonable doubt that the Defendants were already willing to commit the crime and that the law enforcement officers or their agents merely gave them the opportunity."
The instruction was properly refused for the reason that the evidence did not make out a prima facie case of entrapment. See Tribbett v. State, 394 So.2d 878 (Miss. 1981).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.