413 So.2d 730 (1982)
Drue A. MARTIN
v.
STATE of Mississippi.
No. 53159.
Supreme Court of Mississippi.
May 5, 1982.
*731 Upshaw & Ladner, Alan W. Carter, Greenwood, for appellant.
Bill Allain, Atty. Gen. by Robert D. Findley, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, ROY NOBLE LEE and DAN M. LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
Drue A. Martin and John L. Pace were jointly indicted in the Circuit Court of Leflore County, Honorable Webb Franklin presiding, for possession of a controlled substance (marijuana) with intent to deliver same. Pace entered a plea of guilty to the charge and was sentenced to serve a term of four (4) years with the Mississippi Department of Corrections. Martin was tried on March 30, 1981, convicted of possession of a controlled substance (the lesser-included offense), and sentenced by the court to a term of three (3) years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. He has appealed from that sentence and judgment and assigns four (4) errors in the trial below.

I.  II.

Was the verdict of the jury contrary to the overwhelming weight of the evidence?

Did the lower court err in overruling appellant's motion for a judgment notwithstanding the verdict?
The evidence for the State reflects that appellant, while working for Hartness Painting & Sandblasting Company in or near Chattanooga, Tennessee, fell from a "sky climber" and fractured both feet. He was hospitalized in Chattanooga for approximately three (3) weeks and then was removed to his home in Chesapeake, Virginia. Both legs and feet were immobilized in casts and he was confined to a wheelchair. On leaving Chattanooga, a pickup truck, owned by him, was stored at a friend's home.
During the early part of February, 1981, appellant's friend and co-indictee, John Pace, planned to go from Chesapeake, Virginia to Greenwood, Mississippi, for the purpose of visiting his family. Appellant accompanied Pace on the trip with the understanding that, on the return trip to Virginia, Pace would drive through Chattanooga where appellant could obtain his truck and follow Pace back to Virginia.
When appellant and Pace left Virginia, Pace assisted him in getting into the automobile and he put appellant's wheelchair in the rear trunk. En route from Virginia, appellant and Pace smoked two (2) joints of marijuana. Pace told appellant not to worry about getting more because he had forty (40) to fifty (50) pounds of marijuana in the trunk of his car. He did not tell appellant why he was transporting such a large quantity of marijuana to Mississippi.
Appellant and Pace arrived in Greenwood on February 4, 1981, and checked into Room 205 of the Golden Coach Inn. According to appellant, he left the hotel room on only two (2) occasions, first, to buy cold drinks in the motel, and second, to eat at a local restaurant. Appellant and Pace planned to leave Mississippi the following Friday night.
On Thursday morning, February 5, Pace brought several large green plastic garbage bags into the motel room and stored them in an open closet in plain view of the room's occupants. Appellant testified that he opened one of the bags and saw marijuana in it, but that he never asked Pace what he was doing with same. Pace left appellant *732 alone in the hotel room on more than one occasion that day. During the early morning hours of February 6 (Friday), an unidentified white male came to the motel room, spoke to Pace, and watched television with them until approximately 4:30 a.m. when he left. Appellant and Pace went to sleep shortly thereafter.
At approximately 5:00 a.m. on February 6, Richard Oakes, an agent with the Mississippi Bureau of Narcotics, received a telephone call from a confidential informant, who told him that John Pace and another white male were in Room 205 of the Golden Coach Inn; that John Pace was an ex-convict; and that the two men had been selling marijuana out of their motel room in one-pound quantities and were armed. Agent Oakes contacted his superior, Captain Charles W. Spillers, related the information to him, and was instructed to obtain a search warrant and proceed to the Golden Coach Inn where he would meet other officers. Agent Oakes obtained the search warrant and met Captain Spillers, agents of the Mississippi Bureau of Narcotics, Greenwood Police Chief James R. Stevens, and Leflore County Sheriff Ricky Banks. The officers knocked on the door of Room 205 at approximately 8:20 a.m. and executed the warrant.
Upon entering the room, appellant was seen lying on his back in the bed farthest from the door. The officers conducted a thorough search of the room, and found four (4) large green garbage bags of marijuana, a large brown paper bag in the closet, containing approximately four (4) pounds of marijuana, a set of triple beam scales on top of a dresser, two (2) boxes of "Zip-loc" plastic bags, and a clear plastic bag with less than one (1) pound of marijuana. Underneath the mattress of the bed upon which appellant was lying they found a .25-caliber Colt pistol and under the pillow of Pace's bed they found a .32-20 caliber Smith & Wesson revolver. Later, at the Mississippi Crime Laboratory, an examination of the plastic bags' contents identified them as 48.1 pounds of marijuana.
Appellant contends the State failed to introduce sufficient evidence to prove that he exercised dominion and control over the contraband and did not show that he had constructive possession of it. The burden was upon the State to prove beyond reasonable doubt that appellant had knowledge of the character of the contraband and that he was in either actual or constructive possession of same. Those elements may be proved by circumstantial evidence. Wolf v. State, 260 So.2d 425 (Miss. 1972). In discussing the requirements of establishing such possession, the Court said in Cherry v. State, 386 So.2d 203 (Miss. 1980):
The State cites Curry v. State, 249 So.2d 414 (Miss. 1971) which announced the constructive possession rule as follows:
"What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of `possession' is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. In the instant case, all of the circumstances and these criteria were sufficient to warrant the jury in finding that appellant was in possession of the marijuana." (Emphasis added). 249 So.2d at 416. [386 So.2d at 204].
The State's evidence indicates specifically:
(1) On the trip from Virginia, John Pace told appellant he had 40-50 pounds of marijuana in the trunk of his car.
(2) Appellant admitted smoking two joints of marijuana with Pace on the drive to Mississippi.
*733 (3) Appellant admitted he saw John Pace bringing the marijuana into their hotel room in the large green plastic garbage bags on the morning of February 5, one day prior to his arrest. Appellant also stated he looked into one of the bags and saw the marijuana.
(4) Appellant denied ownership or possession of the marijuana or the gun found beneath the mattress of his bed.
Captain Charles W. Spillers of the Mississippi Bureau of Narcotics testified that he interviewed Pace and appellant at the Leflore County Sheriff's Office after they were arrested and had been given their Miranda warnings. Captain Spillers asked Pace in the presence of appellant where they obtained the marijuana and Pace told him that he and appellant picked it up from a large field in Illinois or Indiana. Captain Spillers said that appellant nodded his head in confirmation of the statement concerning the source of the marijuana.
Pace testified that the narcotics belonged to him, that appellant had accompanied him for the purpose of getting his pickup truck in Chattanooga and that appellant had nothing to do with the marijuana. Appellant denied any connection with same, and contended that his confinement to the wheelchair and his inability to move about corroborated his testimony in that regard.
We are of the opinion that under the disputed facts of this case, there was an issue for the jury as to the guilt of the appellant. All of the facts favorable to the State together with reasonable inferences support the verdict of the jury and it was not against the overwhelming weight of the evidence. The lower court correctly overruled the motion for a judgment notwithstanding the verdict. Wilks v. State, 408 So.2d 68 (Miss. 1981); Warn v. State, 349 So.2d 1055 (Miss. 1977).

III.

Did the lower court err in admitting testimony relating to the.25-caliber automatic pistol found underneath the mattress on appellant's bed and the .32-20 caliber revolver found under Pace's pillow?
The prosecution did not offer in evidence the two (2) pistols found in appellant's motel room, but did introduce testimony describing them and the places where they were found. The appellant objected to the introduction of such testimony and, after a hearing outside the presence of the jury, the lower court admitted same. Appellant argues that such testimony was irrelevant and highly prejudicial as evidence of another and separate crime and constitutes reversible error. The State contends that it is common knowledge persons working in the narcotics traffic usually carry weapons to protect themselves and their business and that such weapons constitute "tools of the trade." On that theory, the lower court admitted the testimony.
In United States v. Picklesimer, 585 F.2d 1199 (1978) the Third Circuit Court of Appeals stated:
In any event, we believe that where a defendant is charged with narcotics conspiracy, evidence that weapons were found in his possession may be relevant and admissible. It often happens that illegal enterprises, such as narcotic conspiracies, are ongoing ventures, requiring the use of guns for protection of the contraband and in such a case, a weapon may be as much a tool of the crime as the van used to transport the narcotics. It lay within the sound discretion of the district judge to admit evidence concerning possession or use of weapons, and, on the facts of this case, there was no abuse of discretion in the admission of such evidence. [585 F.2d at 1204].
and, the Second Circuit Court of Appeals stated in United States v. Wiener, 534 F.2d 15 (1976):
Experience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment.
We hold that the gun was relevant to the issues upon which Wiener was tried *734 and that the court did not abuse its discretion in holding that its probative weight was not overbalanced by the inflammatory tendency of the gun as evidence. See United States v. Campanile, 516 F.2d 288, 292 (2 Cir.1975); United States v. Fisher, 455 F.2d 1101, 1103-4 (2 Cir.1972); United States v. Ravich, 421 F.2d 1196, 1204-05 (2 Cir.), cert. denied, 400 U.S. 834 [91 S.Ct. 69, 27 L.Ed.2d 66] (1970); United States v. Pentado, 463 F.2d 355, 360 (5 Cir.1972), cert. denied, 409 U.S. 1079 [93 S.Ct. 963, 35 L.Ed.2d 271] (1972) and 410 U.S. 909 [93 S.Ct. 963, 35 L.Ed.2d 271] (1973). [534 F.2d at 18.].
We think the reasons given in the Federal cases, supra, for admitting the guns as evidence are sound and we hold that in the case sub judice the lower court properly permitted their introduction.[1]

IV.
The fourth assignment of error to the effect that the lower court erred in overruling appellant's motion for a new trial is without merit.
There being no reversible error in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.
NOTES
[1] It is doubtful that possession of the guns under the circumstances of this case constituted a crime.