461 So.2d 1288 (1984)
Sandra Simmons JOHNSON
v.
STATE of Mississippi.
No. 55315.
Supreme Court of Mississippi.
December 19, 1984.
*1289 Donny Meeks, Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
WALKER, Presiding Justice, for the Court:
Sandra Simmons Johnson was convicted in Pearl River County Circuit Court of selling a Schedule I controlled substance under Mississippi Code Annotated section 41-29-113(c)(16). She was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections.
Larry E. Taplin, a police officer with the New Orleans police department, was on special assignment with the Picayune Police Department as an undercover narcotics agent. He and another officer were attempting to buy marijuana but were unsuccessful. He approached the appellant who asked them if they wanted to buy some "T". "T" is another name used for PCP or phencyclidine. Officer Taplin purchased two "bags" or tinfoil packets for twenty dollars from appellant.
Appellant testified that she sold the drug to Larry Taplin. She said that she was given the packets by Jessie Williams in New Orleans. She said that she knew it was something that would make a person "high" but that she did not know it was an illegal drug.
On appeal appellant assigns that seven errors were committed by the lower court.

*1290 (1) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO SUSTAIN APPELLANT'S MOTION FOR DISCOVERY TO INSPECT AND TEST THE ALLEGED CONTROLLED SUBSTANCE
In the record there is a motion styled "MOTION FOR DISCOVERY OF SANDRA SIMMONS JOHNSON" which reads in part:
12.
Defendant moves for the disclosure of, and to inspect, examine and test any photographs, books, papers, documents and other tangible objects that were obtained from defendant or defendant's property or that allegedly belonged to defendant.
There is nothing further in the record to indicate what transpired. There is no indication that the trial court refused to sustain appellant's motion. It is the responsibility of the movant to obtain a ruling from the court on motions filed by her and failure to do so constitutes a waiver. Martin v. State, 354 So.2d 1114 (Miss. 1978); Conn v. State, 260 So.2d 471 (Miss. 1972); Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963); Grant v. Planter's Bank, 5 Miss. (4 How.) 326 (1840). See Minor v. State, 396 So.2d 1031 (Miss. 1981).
Further, the record shows that appellant did not object to the testimony concerning the alleged controlled substance or the admission of the substance into evidence. Appellant's motion for a new trial further does not raise this question.
There is no merit to appellant's assignment of error.

(2) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN PROCEEDING WITH TRIAL, ENTRY OF FINAL JUDGMENT AND SENTENCING OF APPELLANT FOLLOWING REMOVAL TO FEDERAL COURT
Appellant filed a Petition for Removal of her case to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1443. On the date of trial the State and appellant announced ready for trial and voir dire of the jury began at 10:00 a.m. The Petition for Removal was received at 1:15 p.m. by the clerk of the Circuit Court of Pearl River County. After the jury found the appellant guilty and the appellant was sentenced, the trial judge directed the clerk "to withhold the entry of the order of conviction on the minutes of this Court until final disposition has been made by the Federal Court on said alledged [sic] Petition of Removal."
28 U.S.C. § 1446(c)(1) as amended provides:
A petition for removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the petition at a later time.
In United States ex rel. Walker v. Gunn, 511 F.2d 1024, 1027 (9th Cir.1975) the Court held that the phrase "before trial" means "before proceedings for empanelling the jury" and a removal petition filed after a number of jurors had been selected was untimely.
The record indicates that the petition was filed and notice to the Pearl River County Circuit Clerk was given after appellant's trial began. Even if the removal is considered timely for the sake of argument, 28 U.S.C. § 1446(c)(3) states the following:
The filing of a petition for removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied.
This was done in this case.
Therefore, there is no merit to appellant's assignment of error.

*1291 (3) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING OVER OBJECTION, STATE WITNESSES TO TESTIFY ABOUT THE USE AND EFFECTS OF PHENCYCLIDINE AND WHY PHENCYCLIDINE IS A SCHEDULE I CONTROLLED SUBSTANCE
Larry Taplin, the undercover narcotics agent who purchased the phencyclidine, testified on redirect that if he had sniffed the phencyclidine he would "get the effect of the drug; I would get high." Taplin's testimony was a followup on appellant's cross-examination in which she had asked if Taplin had sniffed or tasted the drug to determine what it was. The trial judge overruled appellant's objection and allowed Taplin to explain his action in not sniffing the drug.
On direct examination Jim Miles of the Mississippi Crime Laboratory was allowed to testify as follows:
Q. Do you know what schedule Phencyclidine is?
A. Yes, sir, I believe it is a Schedule I controlled substance.
Q. And what type substances are categorized as Scheduled I controlled substances?
A. Schedule I controlled substances are drugs which have no proven medical value and that they also exhibit a high abuse potential.
Q. All right, sir, could you categorize this drug as an upper or downer or a hallucinogenic?
A. This Phencyclidine would be categorized as a hallucinogenic.
Q. And would you explain what that is to the jury, please?
A. A hallucinogenic would be described as a drug or substance which would produce hallucinations.
Q. All right, sir.
The record does not indicate that any objection was raised to this testimony. Consequently, any objection is deemed to have been waived and is not properly before this Court on appeal.
In Burns v. State, 438 So.2d 1347 (Miss. 1983) the appellant argued that "the court erred in allowing the State's expert from the Mississippi Crime Laboratory to testify as to the reason for marijuana being classed as a Schedule I Controlled Substance." The Court agreed and went on to say:
The reason for the marijuana being classified as a Schedule I Controlled Substance by the legislature was not relevant on the question of the guilt or innocence of appellant. We hold that it was error to permit the testimony, but in this case it was harmless. However, in a close case on facts such testimony might be prejudicial and inflammatory, and the state should refrain from introducing such testimony.
438 So.2d 1351.
In view of appellant's own testimony and the evidence presented by the State, this case cannot be considered as a close case on the facts. Even if this issue had been properly preserved for appeal it was harmless error.

(4) THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY MAKING EX PARTE CONTACTS WITH THE DISTRICT ATTORNEY AND ATTORNEY GENERAL CONCERNING PROCEDURAL MATTERS RAISED BY THE APPELLANT AND BY REFUSING TO MAKE A RECORD OF APPELLANT'S OBJECTIONS TO THE EX PARTE CONTACTS
Prior to trial, appellant's attorney informed the trial judge that the case had been removed to federal court under the provisions of 28 U.S.C. 1443. The trial judge contacted various State and Federal officials. According to appellant's brief the purpose was "to ascertain whether the case should proceed to trial at that time or be continued pending the action of the Federal Court."
*1292 Based on the record in this case, the action of the trial judge was proper. When informed that the case had been removed to federal court, the judge checked to see if removal had actually occurred. When he determined that no removal had occurred prior to the trial beginning, he had been assured that his court retained jurisdiction and he could proceed with the trial.

(5) THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PROCEEDING TO SENTENCE APPELLANT WITHOUT ALLOWING APPELLANT OR APPELLANT'S COUNSEL ANY OPPORTUNITY TO REQUEST ALLOCUTION IN MITIGATION OF APPELLANT'S SENTENCE
In Berry v. State, 288 So.2d 457, 460 (Miss. 1974) this Court held:
If allocution is considered to be a right in felony cases, it must be considered as having been waived in the complete absence of any action on the part of the accused to indicate a desire to exercise it.
See Myers v. State, 254 So.2d 891 (Miss. 1971).
The record does not indicate that Johnson or her attorney made any attempt to request to make a statement prior to sentencing. Thus under the holding in Berry the right is considered waived.
Appellant cites United States v. Sparrow, 673 F.2d 862 (5th Cir.1982) in which the federal court took the position that "the failure of the sentencing judge to afford a defendant his `absolute right' of allocution is error, requiring reversal for resentencing." 673 F.2d 865. While such may be the state of federal case law it is not the current law in Mississippi. There is no absolute right of allocution under criminal practice in Mississippi.
It can also be noted that in imposing sentence the trial judge took into consideration appellant's age, lack of prior criminal record, family situation and other aspects of the case.

(6) THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO SENTENCE APPELLANT IN ACCORDANCE WITH SECTION 41-29-150 OF THE MISSISSIPPI CODE, AND IN OVERRULING APPELLANT'S PETITION FOR PARTICIPATION IN A COMMUNITY SERVICE RESTITUTION PROGRAM PURSUANT TO SECTIONS 99-20-1 ET SEQ. OF THE MISSISSIPPI COMMUNITY RESTITUTION ACT
Appellant was sentenced pursuant to Mississippi Code Annotated section 41-29-139(b)(1). The maximum sentence which can be imposed is thirty years imprisonment and a fine of one million dollars ($1,000,000.00). Appellant's sentence of ten years imprisonment was well within the statutory limits. This Court has repeatedly held that a trial court will not be held in error or held to have abused discretion if the sentence imposed is within the limits fixed by statute. Contreras v. State, 445 So.2d 543 (Miss. 1984); Boyington v. State, 389 So.2d 485 (Miss. 1980); Boone v. State, 291 So.2d 182 (Miss. 1974); Russell v. State, 220 So.2d 334 (Miss. 1969).
Appellant argues that she should have been sentenced under Mississippi Code Annotated sections 41-29-149 and 41-29-150. These sections indicate that their use is within the discretion of the trial judge. Section (d) of XX-XX-XXX applies to persons convicted under section 41-29-139(b)(1) as was appellant here. There is no indication that the trial judge abused his discretion in not applying these statutes.
In Milstid v. State, 347 So.2d 1319 (Miss. 1977), cited by appellant, this Court remanded the case for imposition of the proper sentence. In that case an 18-year-old defendant with no previous record of conviction of drug related offenses should have been sentenced under Mississippi Code Annotated sections 41-29-149 and 41-29-150 (Supp. 1976). The attorney general conceded that these sections were applicable at that time. As pointed out by the State in this case, the statute has been subsequently amended and section 41-29-150(c) *1293 and 41-29-150(d) do not apply to the appellant here. Appellant's reliance on Milstid is misplaced.
Although appellant assigns as error the trial court's action in overruling appellant's petition for participation in a community service restitution program pursuant to sections 99-20-1 et seq. of the Mississippi Community Restitution Act, this point is not argued by appellant. The statutes provide an alternative method of punishment which may be imposed at the request of a department of corrections representative upon review and determination that the eligibility requirements of Mississippi Code Annotated section 99-20-5 have been met and with notification of the district attorney and defense attorney. As noted in Mississippi Code Annotated section 99-20-9 the court is not bound by the recommendations.
Appellant's assignment of error is without merit.

(7) THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO DIRECT A VERDICT OF ACQUITTAL AND OVERRULING APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR, ALTERNATIVELY, MOTION FOR NEW TRIAL ON THE GROUND THAT THERE WAS NOT PROOF THAT APPELLANT KNOWINGLY SOLD A CONTROLLED SUBSTANCE
Mississippi Code Annotated section 41-29-139(a) (Supp. 1983) provides that "it is unlawful for any person knowingly and intentionally" to sell a controlled substance. (Emphasis added). Appellant contends that there was no proof that she "knew" the substance she sold was a controlled substance.
The evidence shows that when approached by Officer Taplin to buy some marijuana that appellant Johnson offered to sell him some "T". Taplin was told to go to the next block and wait. Johnson did not want to make the sale in front of her trailer. After arriving at the arranged meeting place, appellant asked how many bags of "T" Taplin wanted. Taplin told her he wanted two. The price was agreed on as ten dollars ($10.00) a bag. According to Taplin, appellant opened the tinfoil containing the bags and took two out of the thirty or more bags. The two packets were exchanged for twenty dollars.
Appellant testified in her own behalf that a man named Jessie Williams had given her two packages but did not tell her that they contained illegal drugs. He told her that "this is something you can make a little change off of." She testified that she knew that these drugs were something that would make a person high. She said that she knew there were drugs and that she sold them.
Appellant cites Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963) which states the general rule as follows:
Where a crime consists of an act, combined with a specific intent, the intent is just as much an element of the crime as the act. In such cases, mere general malice or criminal intent is insufficient, and the requisite, specific intent must be shown as a matter of fact, either by direct or circumstantial evidence. See 22 C.J.S., Criminal Law, Sec. 32, p. 117; Simpson v. State, 81 Fla. 292, 87 So. 920 (1921).
While there is no direct proof that appellant knew that the substance she sold was illegal, there is evidence that she knew the effects of the drug and that sale of the drugs was profitable. She had also wanted to make the exchange away from her home. Rarely can knowledge be proved by direct evidence. There was sufficient evidence here from which the jury could reasonably infer the requisite knowledge and intent.
As stated in Lee v. State, 244 Miss. 813, 819, 146 So.2d 736, 738 (1962);
However, criminal intent of a defendant, dwelling in his mind, invisible to the outward sight, can never be proven by direct testimony of a third person, (except when verbally expressed or admitted), and it need not be, because a person *1294 is presumed to intend that which he does, or which is the natural and necessary consequence of his act. Jeff v. The State, 39 Miss. 593; Barcus v. The State, 49 Miss. 17. Moreover, the court and the jury are not bound by the evidence of the accused as to what his intention was in the doing of a particular act. 23 C.J.S., Criminal Law, Sec. 919, p. 641; Matthews v. State, 243 Miss. 568, 139 So.2d 386; Woodward v. State, 180 Miss. 571, 177 So. 531, 178 So. 469.
We are of the opinion that the question  as to whether or not the acts of defendant, established beyond a reasonable doubt, the "criminal intent" of defendant to obtain the home of the Isaacs by false pretense  was a factual one for the jury and that it was properly submitted to them for their determination. We also believe that there is sufficient evidence in the record on which the jury could have reasonably based a verdict of guilty. 22 Am.Jur., False Pretenses, Sec. 19, p. 455.
See Shanklin v. State, 290 So.2d 625 (Miss. 1974); Applegate v. State, 301 So.2d 853 (Miss. 1974). See also Martin v. State, 413 So.2d 730 (Miss. 1982).
This case was properly submitted to the jury for their determination. There was ample evidence to support their verdict.
The judgment and sentence of the lower court are affirmed.
AFFIRMED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.