**6/17/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 94-KA-01093 COA

JESSIE TALLIE A/K/A JESSIE JAMES TALLIE

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JOHN M. MONTGOMERY

COURT FROM WHICH APPEALED: CLAY COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

JIM WAIDE

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: SCOTT STUARTDISTRICT ATTORNEY: FORREST ALLGOOD

NATURE OF THE CASE: CRIMINAL-SEXUAL BATTERY

TRIAL COURT DISPOSITION: GUILTY OF SEXUAL BATTERY-SENTENCED TO SERVE 20 YEARS IN MDOC

MOTION FOR REHEARING FILED:6/1/97

MANDATE ISSUED: 10/30/97

BEFORE McMILLIN, P.J., DIAZ, AND SOUTHWICK, JJ.

DIAZ, J., FOR THE COURT:

A Clay County jury convicted Jessie Tallie, the appellant, of sexual battery. Tallie was sentenced by the judge to serve twenty years in the Mississippi Department Of Corrections. Finding no merit to the issues raised by Tallie, we affirm.

## FACTS

Jessie Tallie lived with his girlfriend, who is also the mother of the twelve-year-old victim in this case, JaneThe victim's name has been changed to protect her privacy.. Jane's mother has Jane and a younger daughter, and also one daughter by Tallie. Jane's sisters were ages four and six at the time of the offense. Tallie and Jane's mother lived in the house with Jane and her two younger sisters. On June 20, 1992, Tallie had been out with a friend and returned home around midnight. Tallie testified that he had only one beer that night, and that it made him feel funny and dizzy. When he arrived at home, Tallie went to the bathroom and then stopped by the children's room to check on them. Tallie has no recollection of what occurred while in the children's room, but swears he would never have sex with a child.

## TRIAL

After the jury had been selected and the State made its opening statement, Tallie entered a plea of guilty. This plea was eventually rejected by the court after covering all the rights which Tallie would waive if he pleaded guilty. The trial judge stated that he was rejecting the plea because he believed that Tallie had not given the plea freely and voluntarily.

The trial proceeded, and the State eventually called Dr. Linda Chidester to testify. Dr. Chidester was tendered and accepted as an expert in the field of medicine with a specialty in family medicine without any objection by the defense. Dr. Chidester also testified that she had some special training in the field of child abuse. When Dr. Chidester began to testify about what she observed during an examination of the victim in January, 1993, the defense objected stating that the crime occurred six months earlier, and therefore, the examination was too remote in time to be relevant. The objection was overruled, and Dr. Chidester told the jury that she took a history of the victim and her family, and that she performed a physical examination of the victim. Dr. Chidester stated that the victim showed signs of sexual penetration, and she believed the child had been the victim of sexual abuse. During the trial, the defense did not object to Dr. Chidester testifying that she believed that Jane was a victim of sexual abuse. However, Tallie now argues that there is no scientific principle that enables any expert to determine if a child has been sexually abused.

## RESOLUTION OF THE ISSUES

A. Whether the circuit court committed reversible error when the judge refused to accept Tallie's guilty plea

Tallie makes the argument that the trial judge committed error when he refused Tallie's plea of guilty to the charge of fondling. Tallie argues that this denial deprived him of his constitutional right to

effective representation of counsel.

It is clear that Tallie tried to enter a plea of guilty, and the trial judge denied it. From the start it should be noted that a "criminal defendant has [no] absolute right to have his guilty plea accepted by the court." *Lynch v. Overholser,* 369 U.S. 705, 719 (1962). The question to be addressed is whether the attempted plea was entered freely and voluntarily. Tallie contends that the judge rejected his plea because Tallie would not admit that he had committed the crime. If that had been the sole reason that the judge rejected Tallie's plea then there would have been reversible error on the judge's part, because it is established that one need not admit guilt in order to enter a plea of guilty. *North Carolina v. Alford,* 400 U. S. 25, 37-38 (1970); *Reynolds v. State,* 521 So. 2d 914, 917 (Miss. 1988) . The Supreme Court held that as long as there was sufficient evidence justifying acceptance of the guilty plea, then it could be accepted even though the defendant claims he is innocent. *Alford,* 400 U.S. at *37-38.*

However, in the case at hand, the judge's reason for rejecting Tallie's guilty plea is not solely based on his claims of innocence, but instead on the involuntary nature of the plea. Tallie stated during his attempted plea of guilty, when speaking as to whether he should plead if he was not guilty, "And-- and that's--you know--you know that's--you know what I hate to--you know--you know--you know plead for something I didn't do. You know, I hate to do that." Then a few minutes later, when the trial judge stated that he would not be able to accept Tallie's plea unless it was given freely and voluntarily, Tallie said that he did want to go ahead and plead. When the judge asked him why he was pleading guilty Tallie responded, " I--I--I--well--you know, I'm not for sure I just--you know--you know, hear this and hear that and hear that and I'm--I'm--I'm confused--you know about things, but I...I'm just confused."

Rule 8.04 of the Uniform Circuit and County Court Rules states in pertinent part:

Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.

The judge clearly stated in the record that he believed that Tallie's plea was not voluntary. After the trial judge went through the list of rights which Tallie would be waiving if he pleaded guilty, the judge then asked Tallie if he still wished to plead guilty. Tallie never answered directly as to how he wished to plead, although he did say "[T]hey saying it would be easy on me, man--you know." The judge finally decided not to accept Tallie's plea based on the fact that Tallie says he is innocent, he says "they" told him it would be easier on him to plead, and that he really does not want to plead guilty. The judge also found that the defendant seemed very confused about what to plead, contradicting himself several times. The judge and Tallie conversed for a while before the judge finally told Tallie that he would not accept Tallie's plea because it was not freely and voluntarily given.

It is obvious from the record that the trial judge based his decision to reject Tallie's guilty plea on much more than just his claims of innocence. The trial judge has the sound discretion to either accept or reject a plea of guilty. *Santabello v. New York,* 404 U.S. 257, 262 (1971). Rule 11 of the Federal Rules of Criminal Procedure for the United States District Courts states, in part:

The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of threats or of promises apart from a plea agreement.

Fed. R. Crim. P. 11.

The Fifth Circuit has held that once the requirements of Rule 11 have been met, then the trial judge may refuse to accept a plea of guilty based only upon "good reason." *United States v. Martinez,* 486 F.2d 15, 20 (5th Cir. 1973). The problem here is that Rule 11 and Rule 8.04 requirements are met only when the plea is found to be given voluntarily. In the case *sub judice*, the trial judge ruled, and we agree, that the plea given by Tallie was not freely and voluntarily given. Therefore, there is no need to delve into the issue any further. We affirm the trial court's ruling as to Tallie's guilty plea.

Tallie also argued that if this Court upheld the trial court's refusal to accept Tallie's guilty plea, then we should remand the case to the trial court to determine the basis for the trial judge's sentence of Tallie to twenty years, when the sentence for the plea bargain, had it been accepted, would have been for only two years.

The trial judge has the discretion to determine the sentence of the defendant. *Reynolds,* 585 So 2d. at 756. "[The Supreme Court] has repeatedly held that a trial court will not be held in error or held to have abused discretion if the sentence imposed is within the limits fixed by statute." *Johnson v. State,* 461 So. 2d 1288, 1292 (Miss. 1984); *Contreras v. State,* 445 So. 2d 543, 545 (Miss. 1984); *Edwards v. State,* 615 So. 2d 590, 597 (Miss. 1993). By sentencing the defendant to twenty years, the trial judge was well within the statutory guidelines for sexual battery, which sets out a maximum sentence of thirty years. Miss. Code Ann. 97-3-101 (1972). We find no error in the length of Tallie's sentence.

B. Whether the Circuit court judge erred when he allowed the testimony of Dr. Linda Chidester into evidence

Tallie contends that the admission of Dr. Chidester's testimony into evidence was error for three reasons. Tallie first argues that Dr. Chidester was not qualified as an expert. Next, he argues that there is no scientific principle which enables any expert to testify about whether a child has or has not been sexually abused. And finally, Tallie says that too much time had passed between the time of the crime and Dr. Chidester's examination of the victim.

Tallie did not raise any type of objection at trial to the first two reasons stated above. He agreed that Dr. Chidester was an expert in this field and never questioned her authority to testify about whether or not the child had been sexually abused. Tallie in no way preserved these issues because no objection was ever made. It is a well-established fact in this state that a party must make a timely objection in the trial court to any evidence he feels is inadmissible in order for the appellate court to review the objection on appeal. *Stewart v. Stewart,* 645 So. 2d 1319, 1322 (Miss. 1994); *see also Foster v. State,* 639 So. 2d 1263, 1270 (Miss. 1994) ("[I]f no contemporaneous objection is made, the error, if any, is waived. . . .").

There is an exception to the above rule. If the defense does not make the required objection, but it is clear from the record that there has been a miscarriage of justice, then the appellate court will

review the issue on appeal. *Dedeaux v. State,* 630 So. 2d 30, 33 (Miss. 1993). That is not the case here. There has been no miscarriage of justice, as the reasons set forth below will show. Although this Court is under no duty to address these issues which were not preserved for appeal, we shall for the sake of clarity.

Tallie bases his first reason, that Dr. Chidester was not qualified as an expert, on *Goodson v. State,* 566 So. 2d 1142 (Miss. 1990), a wholly unrelated case where Dr. Chidester was involved but was not qualified to testify as an expert. Tallie argued that the court, in that case, held that Dr. Chidester had no qualifications entitling her to qualify as an expert in this area. *Id.* at 1145-46. However, this is taken out of context. What *Goodson* says is that the record fell short of showing that Dr. Chidester was qualified, in that case, to testify as an expert. *Id.* The court in *Goodson* goes on to say, in a footnote to the previous statement, that the court does not mean to say that she is not qualified to be an expert, but that the prosecutor did not put in the record her qualifications, and therefore, the reviewing court was unable to determine that she had been qualified to give expert testimony. *Id.* at 1146 n.4. In the case at hand, the record clearly indicates the Dr. Chidester was qualified as an expert witness. Dr. Chidester was asked about her qualifications; she answered with a very impressive list of education, honors, and activities. Also, there were no objections whatsoever when the State tendered her as an expert.

Dr. Chidester testified that she had received specialized training in the area of child sexual abuse. She also listed several seminars and conferences which she had attended and some that she had conducted. Tallie argues that, based on *Goodson*, there is no scientific principle by which any expert can testify as to whether a child has been sexually abused. *Id.* at 1147. However, a later case holds that *Goodson* was referring to "child abuse syndrome" when it said the field is not reliable enough to have an expert testify. *Hall v. State,* 611 So. 2d 915, 919 (Miss. 1992). In the case *sub judice*, Dr. Chidester is not testifying to any type of syndrome based on a standard profile for abused children, but only on the individual's history, physical examination, and behavior during the examination. Therefore, because Dr. Chidester was testifying to proper scientific facts, the testimony is allowable as long as she is qualified to give that testimony. The record is replete with evidence as to Dr. Chidester's qualifications. Dr. Chidester testified that she received annual training in the area of child sexual abuse, that she was on numerous task forces and associations dealing with child sexual abuse, and presented many educational seminars on the subject. Dr. Chidester is more than qualified to give her expert opinion, based on the information she gathered, as to whether or not Jane was a victim of sexual abuse.

The final reason given by the defense for not allowing Dr. Chidester's testimony is that Dr. Chidester's examination of Jane was not timely. Dr. Chidester examined Jane approximately six months after the incident. The defense made the objection during trial stating that the examination was too remote in time from the crime for it to be of any relevance for the jury. The trial judge overruled the objection stating it was appropriate evidence for the jury to consider and weigh in its decision.

The trial court has broad discretion in ruling on relevancy issues. *Terrain Enterprises, Inc. v. Mockbee,* 654 So. 2d 1122, 1131 (Miss. 1995). Unless there has been an abuse of discretion by the trial judge and the admission or exclusion affects a substantial right of a party, then the ruling will not be reversed on appeal. *Id.*

We hold that the trial judge was correct in his ruling allowing Dr. Chidester to testify as an expert on the subject of child sexual abuse and to give her opinion as to whether Jane had been sexually abused. We find that he did not abuse his discretion and that there was no reversible error.

C. Whether the State failed to prove venue

The defense make two arguments claiming the State did not prove venue. The defense first states that the indictment did not allege in which county the crime took place. However, Rule 7.06 of the Uniform Circuit and County Court Rules states that an indictment must include "[t]he county and judicial district in which the indictment is brought;. . . ." URCCC 7.06. The rule does not mention that the indictment must allege where the crime took place. The indictment in question states that it is brought in Clay County, Mississippi, and that the grand jury is comprised of citizens of Clay County, Mississippi. The indictment also stated that the members of the jury where sworn on behalf of the citizens of Clay County and that the defendant, Jessie Tallie, at that time lived in Clay County. The indictment was more than adequate and is not defective.

Tallie's next argument is that the State did not prove venue at trial. This argument fails for several reasons. The State called Jane's mother, who testified that she had lived in Clay County, Mississippi all her life. Both Jane and her mother also testified that Jane lived with her mother when the crime took place. These two pieces of evidence are enough alone to prove venue. Yet, Jane also testified that she lived in West Point, Clay County, Mississippi, on June 20, 1992, the date of the crime.

The State has cited cases indicating that the court can take judicial notice that a city is located in a certain county. However, we have no need to take judicial notice here since venue has been sufficiently proved by the State.

## CONCLUSION

We find that no error was committed by the trial judge. He correctly rejected Tallie's plea of guilty due to involuntariness, and he allowed Dr. Chidester to testify as an expert witness in child sexual abuse. The State also clearly proved venue was proper in the Circuit Court of Clay County, Mississippi. We therefore affirm on all issues.

**THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**