LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On July 10, 2001, officers from the Vicksburg Police Department arrived at Room 406 of the Relax Inn to investigate a disturbance call. Darrell Oliver opened the door and, after conversing with the officers, allowed them to enter the room. One of the officers also noticed blood on the ground leading into Oliver’s room. After searching the room, the officers found an unidentified female hiding in the bathroom shower. There was more blood on the floor leading into the bathroom. Oliver then consented to a strip search. While conducting the search, Sergeant William Combs noticed yellow tissue between Oliver’s buttocks. Before Combs could respond, Oliver grabbed the tissue, threw it into the toilet and attempted to flush the toilet. Oliver was subdued and the substances retrieved from the toilet were a piece of tissue and seven grams of cocaine.
¶2. On August 24, 2001, a revocation hearing was held in the Warren County Circuit Court, based on alleged probation violations regarding Oliver, notably for failure to pay specific fees, possession of marijuana and possession of cocaine with intent to deliver. At the end of the hearing, the trial court granted Oliver’s motion to dismiss the charges, finding that there was no evidence establishing that the substance was, in fact, cocaine.
*38 ¶ 3. On October 16, 2001, Oliver was indicted on the charge of possession of cocaine, enhanced as a subsequent drug offender under Mississippi Code Annotated Section 41-29-147 (Rev.2005). Oliver filed a motion to dismiss the indictment, which, after a hearing, was granted by the trial court on the grounds of collateral estoppel. The State appealed to the supreme court. The supreme court reversed and remanded, finding that collateral es-toppel did not preclude the State from charging Oliver with an offense that was the basis for an unsuccessful petition to revoke probation. See State v. Oliver, 856 So.2d 328 (Miss.2003) (hereinafter “Oliver I”).
¶ 4. A trial on the matter was held March 8, 2004, wherein the jury found Oliver guilty of possession of cocaine. Oliver was sentenced to serve eight years in the custody of the Mississippi Department of Corrections. Aggrieved, Oliver now appeals to this Court, asserting the following issues, which we cite verbatim: (1) the trial court erred in denying [his] motions for mistrial and his judgment notwithstanding the verdict or new trial motion; (2) prosecution of this cause is barred by the double jeopardy clause of both the state and federal constitutions; (3) prosecution of this cause is barred by the doctrine of res judicata; and (4) prosecution of this cause is barred by the doctrine of collateral estoppel. Finding no merit, we affirm.
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN DENYING OLIVER’S MOTIONS FOR A MISTRIAL AND HIS MOTION FOR A JNOV OR, IN THE ALTERNATIVE, A NEW TRIAL?
¶ 5. In his first issue on appeal, Oliver argues that the trial court erred in denying his motions for a mistrial and his motion for a JNOV or, in the alternative, a new trial. First of all we note that, although the record contains a copy of Oliver’s motion for a JNOV, there is no record of a ruling by the trial court. It is the responsibility of the movant to obtain a ruling from the court on motions filed by him and failure to do so constitutes a waiver. Johnson v. State, 461 So.2d 1288, 1291 (Miss.1984). Therefore, we will only review whether the trial court erred in denying Oliver’s motions for a mistrial.
¶ 6. The standard of review for denial of a motion for mistrial is abuse of discretion. Caston v. State, 823 So.2d 473, 492(¶ 54) (Miss.2002). Oliver complains of two instances where his motion for a mistrial was denied. The first occurred during the State’s opening statement wherein the prosecutor stated the following:
Mr. Bonner: [IJnside of the room [the police officers] observed several things. One of them was Darrell Oliver. He was wearing a pair of boxer shorts and that’s all. Also, there was some — you’ll hear testimony there was some marijuana in the room.
¶ 7. After Oliver’s objections, the trial court sustained the objection and admonished the jury to disregard the last remark. Once the State finished the opening statement, Oliver moved for a mistrial, which, after some discussion outside the presence of the jury, the trial court denied. The trial court was concerned about the possibility of the State attempting to introduce testimony concerning marijuana in the hotel room when the marijuana was not even preserved for evidentiary purposes. The trial court instructed the State not to mention that an officer saw marijuana in the hotel room. The jury was admonished to disregard the remark, and we presume that the jury follows the instructions of the trial court. See Moody v. *39 State, 841 So.2d 1067, 1076 (¶ 18) (Miss.2003). We can find no abuse in this instance.
¶ 8. Oliver requested a mistrial for the second time during the testimony of one of the officers. Officer Joseph Bell was asked what he saw upon entering the hotel room. Bell replied, “At that time it was a lot of things, paraphernalia....” Oliver immediately objected, and the trial court overruled his objection. The word “paraphernalia” was not mentioned again. We cannot find any abuse by the trial court in this instance, especially since there was ample evidence concerning the cocaine Oliver attempted to flush down the toilet. This issue is without merit.
II. AND IV. DOUBLE JEOPARDY AND COLLATERAL ESTOPPEL CLAIMS
¶ 9. In Oliver I, the supreme court stated that the analysis of double jeopardy and collateral estoppel issues is identical. Oliver I, 856 So.2d at 332(¶ 7). Thus, we will address Oliver’s double jeopardy and collateral estoppel claims together. In the Oliver I decision, the supreme court stated:
Because of the different issues in a revocation hearing and trial on the indictment, the different burdens of proof, the different arbiters of fact, and issues of public policy, collateral estoppel does not forbid subsequent prosecution. The specific issue litigated in a revocation hearing differs from that of a trial on the merits. A revocation hearing is conducted to enforce the court’s order imposing conditions on a defendant under a suspended sentence. The issue to be determined at trial on the indictment is whether the State has proven beyond a reasonable doubt the elements of the charge. These are very different issues; therefore, collateral estoppel does not apply.
Id. at 332 (¶ 8). The supreme court fully discussed the issue of whether collateral estoppel applied in Oliver’s situation; therefore, we do not find it necessary to revisit the issue.
III. RES JUDICATA CLAIM
¶ 10. In his final issue, Oliver asserts that prosecution of the case against him was barred by the doctrine of res judicata. Oliver argues that the trial court’s ruling at the August 2001 revocation hearing explored all the issues which were ultimately presented at trial and that this judgment precluded the State from relitigating the issues. We are unpersuaded by this argument as the supreme court ultimately found the trial court’s ruling to be in error. Having adopted the supreme court’s argument regarding collateral estoppel, we find no merit to Oliver’s res judicata claim.
¶11. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ, CONCUR.