MANNIE RAWLS *v.* STATE.

[62 South. 420.]

RAPE. *Prosecution. Sufficiency of evidence.*

In a prosecution for rape the courts will not sanction a conviction on evidence which not only fails to satisfy the mind of the guilt of the accused, but rather suggests a grave doubt of it.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.
Mannie Rawls was convicted of rape and appeals.
The facts are fully stated in the opinion of the court.

*V. V. Montgomery* and *S. E. Birdsong, Jr.,* for appellant.

*Frank Johnston,* assistant attorney-general, for the state.

COOK, J., delivered the opinion of the court.

Appellant, a negro boy sixteen years of age, was indicted and convicted for the rape of a colored girl about six or seven years of age. The record clearly shows that the child was outraged, and the only question in the record is the identity of the perpetrator of this atrocious crime.

We can find no errors of law in the record of which appellant can complain, and it remains, therefore, only

to determine whether the evidence in the case warranted the jury in finding him guilty as charged. The little girl testified that appellant had had sexual intercourse with her three or four times, the first time in May. Some women, neighbors of the father of the child, discovered that she had been outraged. This discovery was made in the latter part of November or some time early in December. The child was taken to a physician, who examined her and found that her hymen was ruptured and that she was in a serious physical condition. The physician testified that in his opinion the wounds upon her person had been made a short time before he examined her—a few days, or a few weeks. The affidavit in the case was made by the father of the girl. The only witness connecting appellant with the crime was the little girl herself, and after a diligent search of the record we can find no circumstance supporting the testimony of the girl, except as to the fact that she had been outraged.

There was much testimony, however, tending to cast suspicion upon her father as the perpetrator of this crime, and it seems to us, at least, that the evidence against him was stronger than the evidence against the defendant. In *Monroe* v. *State,* 71 Miss. 198, 13 South. 884, 885, Chief Justice CAMPBELL, speaking of a case strikingly like the one now before us, said: "No error was committed by the court in the trial of this case, but in our opinion the verdict should not be permitted to stand. It is true that a conviction of this detestable crime may be had on the uncorroborated testimony of the person raped, but it should always be scrutinized with caution, and where there is much in the facts and circumstances in evidence to discredit her testimony, it is not sufficient to sustain a verdict of guilty. . . . While profoundly impressed with the necessity for a rigid enforcement of the laws against crime, and particularly those protecting human life, so often disregarded with impunity, we are unwilling to sanction a conviction on

evidence which not only failed to satisfy the mind of the guilt of the accused, but rather suggests a grave doubt of it.''

This language of the court in the *Monroe case* accurately expresses our view of the testimony of the case at bar. It is only in cases where the testimony, taken as a whole, manifestly raises a reasonable doubt of the guilt of the defendant, that the court is authorized to substitute its views for those of the jury. In this case we feel that the evidence does not warrant a belief of the guilt of appellant; but, on the contrary, there is much to suggest that quite another party is the guilty one. The state's case rests solely and alone upon the uncorroborated testimony of the injured child, and it is evident to our minds that she was simply repeating what she had been thoroughly coached to say about the case. We could not allow the verdict to stand in this case, without doing violence to what we believe to be simple justice.

*The case is therefore reversed and remanded.*