UPTON v. STATE.

(In Banc. Feb. 9, 1942.)

[6 So. (2d) 129. No. 34513.]

Ben Guider, Vance W. Good, and John H. Culkin, all of Vicksburg, for appellant.

Greek L. Rice, Attorney-General, by Geo. H. Ethridge, Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction for rape in which the death penalty was imposed. The appellant's defense was an alibi and physical incapacity and his conviction rests on the uncorroborated testimony of the woman he is alleged to have raped. It is true that a conviction for rape may rest "on the uncorroborated testimony of the person raped, but it should always be scrutinized with caution; and, where there is much in the facts and circumstances in evidence to discredit her testimony" another jury should be permitted to pass thereon. Monroe v. State, 71 Miss. 196, 13 So. 884; Rawls v. State, 105 Miss. 406, 62 So. 420. Such is the case here.

Without setting forth the testimony of the prosecutrix, to do which would serve no necessary purpose, it will be sufficient to say that it does not appear therefrom that the alleged rape left any marks of violence on her person and her version of how the rape was committed sets forth at least two highly improbable accompaniments of such a crime; in addition her own admitted conduct immediately after the alleged rape suggests that she was not then conscious of such a wrong having been done her and the then conduct attributed by her to the man whom she says had just raped her suggests that he was not then conscious of having so done. Whether a "reasonable man engaged in a search for truth, uninfluenced by improper motives or consideration (e. g. passion, prejudice, or corruption)" Truckers Exchange Bank et al. v. Conroy, 190 Miss. 242, 199 So. 301, 303; Jakup v. Lewis Grocer Co. et al., 190 Miss. 444, 200 So. 597, could safely accept or act on her evidence is so doubtful that another jury should pass thereon.

Reversed and remanded.