COBB *v.* STATE

No. 41073 February 9, 1959 108 So. 2d 719

*C. F. Cowart,* Meadville, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ARRINGTON, J.

Ivy Cobb was convicted of the crime of assault and battery with intent to kill and murder and sentenced to the State penitentiary for a period of nine years, from which judgment he appeals.

This is the second appearance of this case. On the first appeal, 101 So. 2d 110, we reversed and remanded the cause in order that another jury might pass on it. The evidence given in the trial of the instant case is practically identical with that in the former trial. The record

reflects that Mr. Sullivan, Annaise Weathersby, Eli Covington and appellant Cobb were repairing a servant house in the back yard of the home of the prosecuting witness, Sullivan, in the summer of 1957; that Mr. Sullivan complained to Cobb about his work; this led to an altercation which resulted in the appellant Cobb striking Sullivan with a handsaw. According to the evidence for the State, Cobb struck at the neck of Sullivan and at that time Sullivan threw up his hands to ward off the blow, which resulted in serious and permanent injuries to his arms.

Dr. Barlow testified as to his injuries. On the right hand and forearm the lick was from the base of his hand about five inches down on the inside of the arm down to the bone and peeled everything back and that the only important structure in the right arm left intact was the radial artery. On the left arm, both bones were completely severed at the wrist and every structure in the hand was severed except the radial artery, and all that kept it from falling off was the skin and a little tissue on the back of the hand and the radial artery. The doctor testified that these injuries were received from a blow or lick with a handsaw.

The testimony of Mr. Sullivan and that of Weathersby and Covington on the part of the State was conflicting in some of the details. Weathersby and Covington testified that at the time the appellant Cobb struck Sullivan with the saw, he, Sullivan, was doing nothing to him. The appellant Cobb testified in his own behalf, that he was attacked by Sullivan and that he was acting in self-defense; that he threw up the saw to ward off the lick from Sullivan; and that he did not try to hit him.

■■ ■ Appellant assigns as error that the court erred in refusing the requested peremptory instruction. The evidence on the part of the State and that of the appellant is in direct conflict, and we have held that this presents a question for the determination of the jury.

Evans v. State, 159 Miss. 561, 132 So. 563, and authorities there cited. ██ ██ We have held that the jury may accept the testimony of some witnesses and reject that of others; that they may accept in part and reject in part the testimony of any witness, or may believe part of the evidence on behalf of the state and part of that for the accused. Ivy v. State, 206 Miss. 734, 40 So. 2d 609; Woodward v. State, 180 Miss. 571, 177 So. 531, 178 So. 469; Hall v. State, 128 Miss. 641, 91 So. 397.

The appellant argues that the court erred in overruling the original and supplemental motions for a new trial. The Court committed no error in overruling these ʼnotions.

██ ██ Two juries have found the appellant guilty and we are of the opinion that the verdict is amply sustained by the evidence and should be affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.