### MATTHEWS *v.* STATE

No. 42086 March 26, 1962 139 So. 2d 386

*Charles C. Jacobs, Jr.,* Cleveland, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

RODGERS, J.

This case came to this Court on appeal from the Circuit Court of the Second Judicial District of Bolivar

County, Mississippi, where the defendant, Willie Matthews, had been indicted for the murder of J. L. Ramsey and was tried and convicted of manslaughter and sentenced to serve a term of two years in the state penitentiary.

The series of events leading up to the fatal stabbing of the deceased began about 10 o'clock on Saturday night, September 18, 1960, in the back room of a Negro club known as "Club 36" owned by one Brock and run or operated by Leroy Jones, sometimes known as "Man". A game of chance known as dice was in progress and "Man" Jones was standing back of the dice table when J. L. Ramsey came into the gambling room and leaned across the table. "Man" Jones requested Ramsey to get up and about that time the defendant Willie Matthews came into the room. The game progressed without incident until finally J. L. Ramsey exclaimed, "Off my money, Nigger!", when the defendant was heard to say, "Don't call me no Nigger", and J. L. Ramsey replied, "You is a Nigger", whereupon "Man" Jones said, "J. L., if he don't want you to call him a Nigger, don't call him that." Defendant then arose and struck Ramsey and they tussled over to a table known as a "skin" table. Ramsey picked up a heavy glass beer mug and struck defendant Matthews on the forehead. Man Jones came around and pushed them toward the door, and Willie said, "I've got enough."

Ramsey went out one door and Willie went out another door. It appears that J. L. Ramsey and Isaiah Agnew went down the road to a place known as "Bill's Place" or "Swing Inn". This place is south of and across the road from Brock's place. The testimony further shows that after the first fight the defendant Willie Matthews and Cliff Clay were standing by an automobile which was parked near the front door of "Bill's Place" and a witness heard Cliff Clay say to Willie Matthews: "Are you going to get him? If you are not going to

get him, I will'', and heard Willie Matthews say: ''I will get him''. The evidence further reveals that as the deceased came out of ''Bill's Place'', he passed near where the defendant and Cliff Clay were standing, the defendant stabbed Ramsey with a knife, and ran across a field back of ''Bill's Place''. Cliff Clay and Isaiah Agnew drew pistols, but these weapons were not used. J. L. Ramsey proceeded on up the road until he fell. He was carried to the hospital, where he died.

The appellant has brought to the attention of this Court three alleged errors, on which a reversal of the judgment and sentence of the appellant is sought. First, it is argued, that the testimony is not sufficient on which to base a verdict of guilt of manslaughter, because reasonable men in the search for truth could not safely accept and act upon the testimony produced. Second: the appellant argues, that the trial court committed reversible error by refusing to permit the introduction of certificates showing the conviction of certain witnesses introduced by the state. Third: Appellant claims he was not granted a fair trial because of the following incidents: He claims that his attorney was coerced into making a 15 minute argument; and that the District Attorney made improper argument to the jury by saying, ''It is not your job to pardon him; that's the Governor's job''; and finally appellant says that the trial judge interrupted the deliberation of the jury by sending for them, to the prejudice of the defendant.

■■ ■ The defendant cites the case of Upton v. State, 192 Miss. 339, 6 So. 2d 129; Ashford v. State, 6 So. 2d 471, and Ladner v. State, (Miss.) 9 So. 2d 878, as authority for the proposition that where the testimony is unreasonable and reasonable men engaged solely in a search for the truth, and uninfluenced by other consideration, could not safely accept and act upon the evidence produced as being sufficient to show guilt beyond all reasonable doubt, that another jury should be per-

mitted to pass upon the case. But we are of the opinion, and so hold, that the testimony in this case is in conflict and that the jury could have just as easily found the defendant guilty of murder as of manslaughter and the credibility of the witnesses is for the jury and not for this Court to pass upon. See the case of Park v. State, 240 Miss. 774, 128 So. 2d 870. In the case of Scott v. State, 185 Miss. 454, 188 So. 546, the Court said: ''It is, of course, the function of the jury to pass upon the credibility of the evidence; and where they finad a verdict, the evidence justifying such verdict must be accepted as having been found worthy of belief by the jury.''

In the case of Cobb v. State, 235 Miss. 57, 108 So. 2d 719, this Court has pointed out that the jury may accept the testimony of some witnesses and reject that of others and may accept in part and reject in part the testimony of any witness, or may believe part of the evidence on behalf of the State and part of that on behalf of the accused. We are, therefore, of the opinion that the testimony in this case is sufficient on which to base a verdict of manslaughter.

 The second point submitted by the appellant for our consideration, to the effect that the trial court erroneously refused to permit the introduction of certificates showing the conviction of Isaiah Agnew, and other important state witnesses, in our opinion, is not well taken; because these witnesses did not deny they were convicted many times, but stated they did not know how many times they had been convicted. Section 1693, Miss. Code 1942, permits the examination of a witness touching his interest in the case and his convictions of crime, and permits the answers to be contradicted by other evidence. This Court has clearly pointed out, however, that evidence can not be introduced to contradict a witness with reference to his convictions unless the witness denies these convictions. See the cases

of Berry v. State, 212 Miss. 164, 54 So. 2d 222; Powers v. State, 156 Miss. 316, 126 So. 12; Cook v. State, 85 Miss. 738, 38 So. 110; Alabama & V. R. Co. v. Thornhill, 106 Miss. 387, 63 So. 674.

The brief filed by the Attorney General suggests that the clerk of a municipality does not have the standing of a public officer whose records are admissible when certified to by the officer, and we point out, but do not pass upon nor interpret, Section 1733, Miss. Code 1942, wherein it is said a copy of the records are admissible "when certified to by the clerk in whose office the record is kept, *under his seal of office*". See also 20 Am. Jur., Evidence, Sections 1036-1038, pp. 874, 875.

█ █ We believe there is no merit in the third point raised by the assignment of error for the following reasons: The appellant cannot be heard to argue here, that his attorney was not permitted to argue more than fifteen minutes, because the attorney for appellant agreed to having the argument limited to fifteen minutes. █ █ In a criminal trial before accused can complain of limiting the time for argument, it must appear from the record that he was prejudiced by the court's ruling, and in this case the trial judge allowed unlimited time for argument until the attorneys for the state and defendant advised the trial judge that they had agreed upon limiting the argument to fifteen minutes. See McLeod v. State, 130 Miss. 83, 92 So. 828; Lee v. State, 51 Miss. 566; 53 Am. Jur., Trial, Section 461, p. 364.

█ █ The argument of appellant that the statement made by the District Attorney to the jury was prejudicial and was a reversible error is not well taken because the argument of the District Attorney that "It is not your job to pardon him; that's the Governor's job", is a fair argument. See 53 Am. Jur., Trial, Section 465, p. 371; House v. State, 94 Miss. 107, 48 So. 3. Moreover, the trial judge sustained an objection to the argument of the district attorney, and no motion was made

by the defendant to discharge the jury and enter a mistrial. ▆▆ ▆ This Court has repeatedly held that when an argument is improper and the court sustains an objection to the argument, we will not reverse the case unless counsel go further and request, before the jury returns its verdict, that the jury be discharged. See Floyd v. State, 166 Miss. 15, 148 So. 226; Guest v. State, 158 Miss. 588, 130 So. 908; Wells v. State, 162 Miss. 617, 139 So. 859; Matthews v. State, 148 Miss. 696, 114 So. 816; Holmes v. State, 151 Miss. 702; 118 So. 431.

▆▆ ▆ The attorney for defendant earnestly insists that the trial judge hurried the jury in its deliberations by inquiring of the jury whether or not it had reached a verdict about forty minutes after it had retired, and again thirty minutes later, but we find no error in the action of the court, because the jury did not bring in a verdict until about thirty minutes after the last report to the court. The jury had been in the jury room over two hours when it brought in the verdict of "guilty of manslaughter". ▆▆ ▆ It is within the sound discretion of the trial judge, as to how long he will keep the jury deliberating, and unless it is shown that the judge abused his judicial discretion so as to prejudice the defendant, this Court will not reverse the trial court because of the length of time the jury is required to deliberate. See Wade v. State, 155 Miss. 648, 124 So. 803, 85 A. L. R. 1406.

We are convinced from a careful examination of the evidence in this record, conflicting as it may be, that the guilt of the defendant was a question of fact to be determined by the jury. The jury determined that the defendant was guilty of manslaughter, and from the testimony introduced by the State, the jury could have found defendant guilty of murder. We find no reversible error in the record, and we are of the opinion the case should be affirmed. The case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.