410 So.2d 876 (1982)
Gartha Lee LOVELACE
v.
STATE of Mississippi.
No. 53327.
Supreme Court of Mississippi.
February 17, 1982.
Thomas L. Kesler, Columbus, for appellant.
*877 Bill Allain, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and WALKER and HAWKINS, JJ.
SUGG, Presiding Justice, for the Court:
Gartha Lee Lovelace was tried and convicted in the Circuit Court of Lowndes County for the crime of armed robbery, and sentenced to serve a term of fifteen years.
The only assignment of error is:
The Court erred in overruling the defendant's numerous and continuing objections and motion for mistrial on the basis of improper impeachment of the defendant by prior convictions.
The assignment of error is divisible into three issues. First, whether evidence of a prior conviction may be introduced to impeach a witness who does not deny the previous conviction, but testifies he does not remember it. Second, whether the introduction of an abstract of court record impermissibly placed before the jury details, i.e., punishment for the previous crime. Third, whether the abstract of court record was competent evidence of the prior criminal conviction of the appellant.
Section 13-1-13 Mississippi Code Annotated (1972) provides:
Any witness may be examined touching his interest in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence. A witness shall not be excused from answering any material and relevant question, unless the answer would expose him to criminal prosecution or penalty.
In Matthews v. State, 243 Miss. 568, 139 So.2d 386 (1962) we stated:
This Court has clearly pointed out, however, that evidence cannot be introduced to contradict a witness with reference to his convictions unless the witness denies these convictions. (243 Miss. at 573, 139 So.2d at 389)
See also, Wells v. State, 288 So.2d 860 (Miss. 1974); Berry v. State, 212 Miss. 164, 54 So.2d 222 (1951); Powers v. State, 156 Miss. 316, 126 So. 12 (1930); Alabama and V.R. Company v. Thornhill, 106 Miss. 387, 63 So. 674 (1913); Cook v. State, 85 Miss. 738, 38 So. 110 (1904).
Appellant contends that he did not deny his prior conviction for petit larceny and argues the following questions and answers during trial support his contention.
Q. I'll ask you whether or not you've ever been convicted of anything else in Judge Younger's court?
A. Never; that's the only thing I ever been convicted in Judge Younger's court.
Q. I'll ask you whether or not you've ever been convicted in Judge Younger's court on July 23, 1979, for petit larceny?
A. No, not that I can recall.
Q. Then you have not been convicted in his court of simple assault with a deadly weapon or petit larceny?
A. Well, maybe that's something now I have simple assault; I know what you're talking about now on my 
Q. Now you know that you have been convicted of simple assault?
A. Yeah.
Q. And the petit larceny though you don't remember that one?
A. I don't remember that one.
When appellant was asked if he had been convicted of petit larceny on July 23, 1979, he did not deny the conviction, but stated that he could not recall it and that he did not remember "that one." Appellant argues that proof of a prior conviction can be introduced to contradict a witness by showing a prior conviction only if the witness denies the conviction. Building on this premise, he then argues that if a witness does not deny a former conviction but merely states he has no recollection of the conviction, no evidence of such conviction may be introduced.
We do not agree with this argument and hold that if a witness does not deny a previous conviction but states that he cannot recall the conviction, evidence of the prior conviction may be introduced under section 13-1-13 Mississippi Code Annotated (1972); otherwise, the purpose of the statute would be defeated.
In interpreting section 13-1-13, we held:
The answers of a witness who is being examined in reference to his conviction of *878 crime may be contradicted and his conviction established by other evidence, this does not permit the details of the crime to be shown, and such examination should be held within the limits necessary to call attention to and identify the conviction being inquired about. [Walker v. State, 151 Miss. 862, 874, 119 So. 796, 799 (1929)]
This case simply holds that, if a witness admits a conviction of a previous crime, he may not then be interrogated to show the punishment inflicted. However, appellant argues that the admission of an abstract of the justice court docket showing his previous conviction of petit larceny including the punishment inflicted is thus contrary to our holding in Hartfield v. State, 186 Miss. 75, 189 So. 530 (1939) wherein we stated:
If the appellant, Hartfield, had offered himself as a witness, which he did not do, then proof of the fact that he had been previously convicted of a crime (but not the extent of the punishment imposed) would, . .. have been competent to affect his credibility as a witness. (186 Miss. at 92, 189 So. at 533).
Hartfield did not testify in his own defense so the words enclosed in parenthesis were not dispositive of any issue in that case. When a witness does not admit a previous conviction, the only way the witness can be impeached as to a previous conviction is by introduction of evidence of such previous conviction. The witness should not then be heard to complain that the punishment inflicted was included in the copy of the record of the prior conviction because, by denying or refusing to admit a prior conviction, the witness (in this case, appellant) has forced the opposite party to introduce a record of the prior conviction to impeach his testimony. We therefore decline to follow the dictum in Hartfield.
Appellant also argues that the abstract of the court record[1] showing his prior conviction was not competent evidence. Section 13-1-77 Mississippi Code Annotated (1972) provides:
All public officers in this state having the charge or custody of any public books, records, papers, or writings, are authorized to certify copies of the same, which copies shall be received in evidence in all cases where the original or a sworn copy would be evidence.
In Vincent v. State, 200 Miss. 423, 27 So.2d 556 (1956) appellant was convicted of the unlawful possession of intoxicating liquors and was punished for a second violation under section 2613, Code of 1942. His principal contention was that the record did not sufficiently show that he had been convicted of a first offense. When the case was tried, the justice of the peace before whom the first conviction was held was ill and a copy of his docket entries covering *879 the first conviction was certified by him under section 1725,[2] Code of 1942 and was introduced over the objection of appellant.
In disposing of appellant's argument, the Court stated:
In brief, the argument of appellant is that in order to make the requisite showing of a conviction of the first offense, the record thereof must be as fully introduced by a complete transcript thereof as if an appeal were being taken from the said first conviction.
In this appellant is mistaken, for the issue as to the first conviction is not whether appellant was therein properly convicted but whether as an affirmative matter he was finally convicted; and the record as introduced was sufficient to show that, and as already stated it was properly authenticated, as allowed under Section 1725, Code 1942. (200 Miss. at 427, 428, 27 So.2d at 557)
The abstract of court record introduced in the case at bar was duly certified by Justice Court Judge C. Younger as being a true copy of his court records. Therefore, under the authority of Vincent, supra, we hold that the abstract of record was competent evidence of the fact of appellant's prior conviction of petit larceny.
AFFIRMED.
SMITH, P.J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C.J., took no part.
NOTES
[1] OF COURT RECORD
 NAME OF DEFENDANT ADDRESS OF DEFENDANT
 Gartha Lee Lovelace 
(First) (Middle) (Last) (Street Address)
DRIVER'S LICENSE NO. ________________________________________________
 (City or Town) (State)
RACE B SEX M BIRTHDATE ____ AUTO TAG NO. ____
NAME OF COURT Justice NATURE OF OFFENSE Petit Larceny 
ADDRESS OF COURT ____ COUNTY Lowndes 
PAGE NO. 294 PLEA not guilty AMOUNT OF FINE $ _____
DOCKET NO. 62 HIGHWAY NO. ____ AMOUNT OF COST $ ____
Affidavit of Edward E. Williams, Police Officer TOTAL $ ____
DATE OF HEARING 7-23-79 JUDGMENT guilty JAIL SENTENCE ____
BAIL ALLOWED ( ) FINE PAID ( ) BAIL FORFEITED ( )
BAIL DENIED ( ) FINE NOT PAID ( ) APPEALED ( ) NOT FORFEITED ( )
DISPOSITION OF DEFENDANT $25.00 fine SUSPENDED, 30 days Suspended
 on probation plus 90 days
I CERTIFY THAT THIS IS A TRUE COPY OF MY COURT RECORD:
SIGNED C. Younger TITLE Justice Court Judge 

[2] Now section 13-1-77 Mississippi Code Annotated (1972).