SMITH, Presiding Justice,
for the Court:
Albert Drungo was indicted for aggravated assault upon Robert Harris. He was tried in the Circuit Court of Lowndes County, convicted, and sentenced to serve a term of fifteen years confinement with the Mississippi Department of Corrections.
Drungo appeals, assigning for reversal two grounds:
(1) The verdict was against the overwhelming weight of the evidence.
Harris, his wife and another couple, Marshall Prowell and Linda Strickland, attended the Unicorn Club to celebrate the birthday of Linda Strickland. While Harris was dancing with his wife, Drungo sought to “cut in” and dance with her. Harris refused. Words passed between Drungo and Harris and Drungo went outside and obtained some cartridges for his pistol from his automobile. When Drungo returned, Harris had gone back to his table. At this time, Drungo shot Harris in the eye, blinding him in that eye. At the time Harris had no weapon and did not have a bottle in his hand. Drungo’s defense was self-defense. He testified that when he shot Harris, which he admits having done, the latter had a bottle in his hand and he, Drungo, thought Harris was going to throw it at him.
The evidence as to what occurred was in dispute, and it was the province of the jury to resolve the fact issues, and the evidence was ample to support a finding by the jury that Drungo shot Harris when the latter was unarmed, and Drungo was in neither real nor apparent danger at his hands.
In Murphree v. State, 228 So.2d 599, 601 (Miss.1969), cert. denied, 397 U.S. 1068, 90 S.Ct. 1509, 25 L.Ed.2d 690 (1970), this Court noted:
Appellant contends that the trial court erred in refusing to grant the appellant a peremptory instruction and in overruling a motion for a new trial. The motions were properly overruled because the evidence was conflicting and the jury is the sole judge of the credibility of witnesses and the weight and worth of their testimony. This wise rule applies with equal force to the State’s witnesses as to the appellant’s witnesses, including the appellant. We have repeatedly held that jurors may accept the testimony of some witnesses and refuse that of others, and that they may accept in part and reject in part the evidence on behalf of the State and on behalf of the accused. McLelland v. State, 204 So.2d 158 (Miss.1967); Cobb v. State, 235 Miss. 57, 108 So.2d 719 (1959); Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949); Hill v. State, 199 Miss. 254, 24 So.2d 737 (1946). It is not for this Court to pass upon the credibility of wit *1325 nesses, and where the evidence justifies the verdict it must be accepted as having been found worthy of belief. McLelland v. State, supra; Matthews v. State, 243 Miss. 568, 139 So.2d 386 (1962); Scott v. State, 185 Miss. 454, 188 So. 546 (1939).
There is no merit in the contention that the verdict of guilty was against the overwhelming weight of the evidence.
(2) The court erred in denying appellant’s instruction of self-defense.
Drungo requested a rather lengthy and discoursive instruction on the law of self-defense which the trial court declined to grant. In addition to confusing ambiguities in the proffered instruction, the court’s action in refusing to grant it was justified by the fact that a proper instruction on self-defense was given to the jury. The self-defense instruction, granted by the court at the request of the state, clearly set forth the law on the subject and complied with the requirements stated by this Court in Coleman v. State, Miss., 22 So.2d 410 (1945):
Appellant complains that the following instruction was granted to the State: ‘The Court instructs the jury for the State that to make an assault with a deadly weapon justifiable on the ground of self defense, the danger to the defendant must be either actual, present and urgent, or the defendant must have reasonable grounds to apprehend a design on the part of the assaulted party to kill her or to do her some great bodily harm, and in addition to this that there was imminent danger of such design being accomplished, and hence mere fear, apprehension, or belief, however sincerely entertained by one person that another designs to take her life, or to do her some great bodily harm, will not justify the former in so assaulting or shooting the latter party. A party may have a lively apprehension that her life is in danger and believe the grounds of her apprehension just and reasonable, and yet she acts at her peril, she is not the final judge, the jury may determine the reasonableness of the grounds upon which she acted.’ This instruction has been approved in the criminal jurisprudence of this State ever since Wesley v. State, 37 Miss. 327, 75 Am.Dec. 62, and as late as Ransom et al. v. State, 149 Miss. 262, 115 So. 208. This instruction, with identical language, was approved in the latest case dealing with it, Callas v. State, 151 Miss. 617, 118 So. 447. The Court committed no error in granting this instruction for the State.
Drungo was not prejudiced by the failure to grant a second instruction on the subject. There is no merit in this assignment.
No prejudicial error having occurred in Drungo’s trial and the verdict having been amply supported by the evidence the judgment and sentence are affirmed.
AFFIRMED.
PATTERSON, C. J., SUGG, P. J., and WALKER, BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.