# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-KA-00606-SCT

*CHRISTOPHER SMITH a/k/a*

*CHRISTOPHER BAINES SMITH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/1998 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS L. KESLER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/18/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/8/2001 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. Appellant Christopher Smith was indicted for the murder of Joshua Jones, his cousin. At trial, during closing argument by Smith's attorney, the bailiff prematurely called time before counsel could make his argument for the lesser offense of manslaughter. There was no contemporaneous objection to this error. Smith was convicted of murder and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Finding no prejudice, this Court affirms the conviction and sentence.

### STATEMENT OF THE FACTS

¶2. Jones was visiting Smith and staying at Smith's home. After a long evening of drinking and partying at a bar, Jones, Smith and several others returned to Smith's home to continue the party. Jones was highly intoxicated and became upset with Smith. After a brief scuffle, Smith asked Jones to leave. Jones then struck Smith. After Smith went outside and retrieved a pistol from his car, he again told Jones to leave. As

Jones approached Smith, Smith fatally shot Jones in the heart.

¶3. Smith testified that he was afraid of Jones due to the earlier struggle and that he had acted in self defense and in defense of his home. The jury was instructed on murder, heat of passion manslaughter, imperfect self defense, and using excessive force to evict a trespasser-manslaughter. Based on the evidence which consisted of eyewitness testimony and expert analysis, the jury returned a verdict finding Smith guilty of murder.

## DISCUSSION

¶4. Smith raises one assignment of error on appeal:

**DID THE TRIAL COURT ERR IN REFUSING TO GRANT A NEW TRIAL DUE TO THE CLOSING ARGUMENT OF THE DEFENSE BEING PREMATURELY ENDED BY THE BAILIFF'S MISTAKE IN KEEPING TIME?**

¶5. Smith's attorney, Thomas L. Kesler, requested and was given forty minutes to make his closing argument. As was the usual custom, both the State and Kesler requested the bailiff to keep time for them. The bailiff called time when Kesler had argued for only thirty minutes. Kesler had time to attempt to persuade the jury to acquit Smith of murder, but time was called before he could argue the lesser included offense of manslaughter. Smith first raised this issue in a motion for a new trial. It is undisputed that the call by the bailiff was an honest mistake and not done with malice nor ill will towards Smith or his attorney.

¶6. During a hearing on the motion, Kesler testified to the events that led to this appeal: At about the same time the bailiff called time, the prosecutor made an objection to a line of argument by Kesler. After the judge overruled the objection, Kesler, thinking his time had expired, made a brief closing sentence and took his seat. A few moments later and while the State was making its rebuttal argument, Kesler noticed he had been shorted ten minutes. At this point, Kesler realized he had been unable to argue manslaughter to the jury. However, he remained silent. When questioned about his failure to raise a timely objection, Kesler stated, "I guess I pretty well covered what we needed to cover . . . and at that point in time . . . I felt in my opinion that we were in reasonably good shape on defense of murder -- the murder charge." Only when the jury returned a verdict of guilty of murder did Kesler feel the time shortage was of any significance. "[T]he . . . problem is that, and again, . . . this is to some degree invoking twenty/twenty hindsight, . . . I never argued any of the manslaughter theories to the jury, and, . . . under the circumstances [I] feel like that was a . . . serious situation." Finding no prejudice, the trial court denied the motion.

¶7. Raising objections in a motion for new trial which should have been made at trial has never been thought to cure the failure to object at the proper time. *Barnett v. State*, 725 So. 2d 797, 801 (Miss. 1998). It is axiomatic that a litigant is required to make a timely objection. *Id.* We have repeatedly held that if no contemporaneous objection is made, the error, if any, is waived. *Walker v. State*, 671 So. 2d 581, 597 (Miss. 1995) (citing *Foster v. State*, 639 So. 2d 1263, 1270 (Miss. 1994)). This rule's applicability is not diminished, even in a capital case. *Id.*

¶8. Although the exact issue before us has yet to be decided, we have preserved the right of a defendant for adequate summation. However, in the absence of a timely objection, prejudice must be demonstrated. We have stated, "In a criminal trial before the accused can complain of limiting the time for argument, it must appear from the record that he was prejudiced by the court's ruling . . . ." *Matthews v. State*, 243 Miss.

568, 574, 139 So. 2d 386, 389 (1962). Nevertheless, we have held that a trial judge should be meticulously careful in insuring that the defendant is afforded sufficient time for his summation. ***Turner v. State,*** 220 So. 2d 295, 298 (Miss. 1969).

¶9. Despite this pronouncement, the elementary rule of law remains, "that for preservation of error for review, there must be contemporaneous objections." ***Smith v. State,*** 530 So. 2d 155, 161-62 (Miss. 1988) (collecting authorities). Even a very short time limit does not constitute reversible error unless the defendant shows prejudice. ***Conner v. State***, 632 So. 2d 1239, 1276 (Miss. 1994), *overruled on other grounds by [Weatherspoon v. State](),* 732 So. 2d 158 (Miss. 1999).

¶10. Thus, in order for Smith to be granted a new trial, he must demonstrate prejudice. His only showing of prejudice is that his attorney was shorted ten minutes in his closing argument and was unable to argue a manslaughter defense. Although Smith's attorney never argued manslaughter to the jury, the manslaughter instructions requested by Smith were granted. A review of the record indicates four instructions were given which addressed the theory of manslaughter. As stated by Kesler, "Those instructions probably covered every theory of manslaughter in this state . . . ." It should be further noted that during its three hours of deliberation, the jury did not request any further information or clarification regarding the manslaughter instructions.

¶11. Absent a showing of prejudice, Smith's failure to make a timely objection results in a procedural bar. Kesler realized the error in sufficient time to raise a timely objection, but he chose not to act, feeling Smith's defense was solid. It is worth noting that in ***Conner,*** the Court stated, "We would be justified in concluding that Conner, far removed from the scene of trial and given the benefit of twenty-twenty hindsight, has decided that he would argue more loquaciously if he had a chance to do it again." 632 So. 2d at 1276. After conviction, what defendant would not argue that a different strategy might have produced a better result?

## CONCLUSION

¶12. Because Smith failed to demonstrate prejudice resulting from the inadvertent and premature termination of his closing argument, and because his sole issue on appeal is procedurally barred for failure to make a contemporaneous objection, the judgment of the Circuit Court of Lowndes County is affirmed.

¶13. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

> **PITTMAN, C.J., SMITH, COBB AND DIAZ, JJ., CONCUR. BANKS, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, J. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J. EASLEY, J., NOT PARTICIPATING.**

> **BANKS, PRESIDING JUSTICE, CONCURRING**:

¶14. I concur in the result reached by the majority. I do so, however, without reaching the question of "prejudice." Here there was no trial court error. There was no complaint about the sufficiency of the time originally allotted for closing arguments. Counsel assigned the time-keeping responsibilities to the bailiff, not the court. Smith's counsel acquiesced in the bailiff's erroneous announcement that time had expired. He made no request for additional time in order to present the argument he supposedly neglected. He did not

check his watch or a clock at the time. Later, after realizing that his time had been shortened, counsel made the conscious decision to do nothing because, in his judgment at the time, he had argued sufficiently.

¶15. Thus, neither our admonition in *Turner*, nor our reference in *Matthews*, to prejudice flowing from a limitation come into play here. *See Turner v. State*, 220 So. 2d 295, 298 (Miss. 1969); *Matthews v. State*, 243 Miss. 568, 574-75, 139 So. 2d 386, 389 (1962).

**WALLER, J., JOINS THIS OPINION.**

**MILLS, JUSTICE, DISSENTING**:

¶16. I respectfully dissent. The determination of whether a man is guilty of murder or manslaughter is a most serious question. The outcome should not rest on a bailiff's inability to read a watch.

¶17. In *Turner v. State*, 220 So.2d 295, 298 (Miss. 1969), this Court stated:

> A trial judge should be meticulously careful in seeing that the defendant is afforded ample time in any case in order that he may adequately present to the jury the instructions and have sufficient time for his summation. The ultimate [sic] of a criminal prosecution is the verdict of the jury and frequently the decision of the jury is made substantially on the presentation of the law and the summation of the facts. It is a far better thing for the trial court to be indulgent in the granting of time for presenting the instructions and summation than to be strict or to be frugal in the allowance thereof.

¶18. In *Willie v. State*, 585 So.2d 660, 676 (Miss. 1991), this Court cautioned trial courts that limiting the "argument of counsel for the defense in a criminal prosecution is a matter of great delicacy, and should be done with the utmost prudence and caution."

¶19. Smith's right to be heard and his right to present a full and complete defense on the entire case were denied. This denial constitutes reversible error. Smith's time in prison should not hinge on a bailiff's inability to keep time in an argument. I would reverse on this issue and remand for a new trial.

**McRAE, P.J., JOINS THIS OPINION.**