957 So.2d 426 (2007)
Antonio Powell WASHINGTON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01953-COA.
Court of Appeals of Mississippi.
May 22, 2007.
*427 Rosalind Hayden Jordan, attorney for Appellant.
Office of the Attorney General by Billy L. Gore, attorney for Appellee.
Before LEE, P.J., BARNES and CARLTON, JJ.
BARNES, J., for the Court.
¶ 1. Antonio Washington was indicted by the grand jury of Attala County for the crime of murder and convicted of manslaughter in the death of Antonio Riley. Washington was sentenced to twenty years in the custody of the Mississippi Department of Corrections. On appeal Washington raises the issue of whether the trial court erred by commenting on his testimony regarding instances of harassment and threats of violence and death made by the victim.
¶ 2. The Court finds no merit to the appellant's argument and affirms the judgment of the circuit court.

FACTS
¶ 3. On February 28, 2003, Washington was at Amigo's gas station and convenience store in Kosciusko. Riley was across the street at the Spaceway gas station and convenience store. Riley came across the street to confront Washington who was married to Riley's ex-girlfriend. The two men had a history of confrontation.
¶ 4. Washington testified that as he was entering his car to leave, Riley pushed him into the car and that he shot Riley in self-defense. Washington claimed that Riley had a gun in the waistband of his pants, but no weapon was seen or found at the scene.
¶ 5. The State offered numerous eyewitnesses to the shooting. Dr. Steven Hayne testified that Riley died as a result of six gunshot wounds, two of which were lethal.
¶ 6. Washington's post-trial motions were denied.

*428 DISCUSSION
¶ 7. Washington contends that the trial court erred in commenting, in open court and before the jury, on the testimony of Washington regarding instances of harassment and threats of violence and death made against Washington by the victim, Riley, saying that they were too remote for the jury to consider.
¶ 8. Mississippi Code Annotated § 99-17-35 (Rev.2000) provides, in part, that "The judge in any criminal cause shall not sum up or comment on the testimony, or charge the jury as to the weight of the evidence; but at the request of either party he shall instruct the jury upon the principles of law applicable to the case."
¶ 9. During his direct examination, Washington attempted to describe a pattern of harassing and threatening behavior by Riley that took place over a four year period from 1999 until the day of the shooting in February 2003.
¶ 10. The comments to which Washington now objects are found in two places in the trial transcript. In the first, the following was said:
[DEFENSE COUNSEL]: What did you go up to the police department to make papers on Mr. Riley for?
[WASHINGTON]: Because he kept picking and bothering me, pulling pistols on me. I just got tired of Mr. Riley, because I was in fear of Mr. Riley.
Q: Okay. Did Mr. Riley ever come to your house?
A: Yes. Mr. Riley surrounded my house, him and about six or seven guys beating on my door.
Q: Okay. I want you to  I would like for you to describe that to the jury in detail how it happened.
A: Okay. Mr. Riley came to my house, beating on my door 
[BY THE PROSECUTOR]: Judge 
A:  demanding me to come out of my house.
[BY THE PROSECUTOR]: I think we need a time period for this. We're not  could have happened any time.
[BY THE COURT]: I agree. I agree with that.
[BY THE PROSECUTOR]: Unless they can be more specific, Your Honor.
[BY THE COURT]: Either that. I mean, it may be so remote in time that it's not germa[ne] to the case, so I think we need to have some time frame.
[DEFENSE COUNSEL]: Okay. Well, let me ask  before you start that, let me ask you a question. What year was it you met Mr. Riley?
A: I don't remember. I don't know exactly what year, but it really was just when I started talking to Ms. Landingham when I met Mr. Riley.
¶ 11. The second passage is found below:
[DEFENSE COUNSEL]: Okay. I want you to go back, then, to the night  you had just testified  or were beginning to testify that Mr. Riley had surrounded your house with a bunch of guys. When do you believe that happened?
A: I believe it happened back in, maybe, 2001.
Q: Okay.
A: And the night it happened, he surrounded my house, like I said, demanding me  he beating on my door, demanding me to come outside.
Q: What did he say?
[BY THE PROSECUTOR]: Judge, that's two years before there's been any problem. There's been plenty of testimony that they'd been together on numerous occasions and they didn't have any problems.

*429 [DEFENSE COUNSEL]: Your Honor, I think 
[BY THE PROSECUTOR]: That is just completely out of the air.
[DEFENSE COUNSEL]: Your Honor, the State will have you know, have an opportunity to cross examine Mr. Riley (sic) on these issues. I mean, we have to have a chance to put on our case. Now, two here, or three months there or a year and a half before is just going to show the consistency of the torment.
[BY THE COURT]: Well. I'll 
[DEFENSE COUNSEL]: And I think what happened that night is entirely irrelevant [sic].
[BY THE COURT]: Something that happened two years earlier is bordering on being remote to the Court. I mean  he  of course, it could have happened  well he hasn't testified in what-I mean, 2001's a long year. And I don't  I mean, I'm wanting some specific time frames in which some of this stuff happened, if it happened.
¶ 12. In neither exchange where the circuit judge made remarks incident to his ruling on the State's objection was there a contemporaneous objection by defense counsel. Washington first raised this issue in his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, which was filed post-verdict. In neither case did the trial judge have an opportunity to take any remedial action, if he had been inclined to do so.
¶ 13. "It is axiomatic that a litigant is required to make a timely objection." Smith v. State, 797 So.2d 854, 856(¶ 7) (Miss.2001) (citing Barnett v. State, 725 So.2d 797, 801(¶ 23) (Miss.1998)). The failure to make a contemporaneous objection, serves as a waiver of any error. Id. Thus, the failure to make a timely objection serves as a procedural bar in this case.
¶ 14. Despite the procedural bar, in neither exchange did the circuit judge "sum up or comment on the testimony" of Washington. The judge's comments were incident to his ruling on the State's objections to the testimony. Washington and others were allowed to testify freely as to threats and harassment which took place from 2001 to the time of the shooting in 2003. The jury was fully aware of Riley's behavior towards Washington prior to the confrontation at Amigo's on February 28, 2003.
¶ 15. It is apparent from the jury's verdict that the judge's observations on the question of remoteness did not improperly influence the jury. "Although it is true that a judge should not comment on the evidence in such a manner as to influence the verdict of a jury . . . nevertheless, a remark of a trial judge necessarily made while ruling on an objection does not constitute grounds for reversal. Judges are not prohibited from telling counsel the reason for the ruling." Haralson v. State, 314 So.2d 722, 724 (Miss.1975). The issue of remoteness was ultimately resolved in Washington's favor, and he was allowed to continue to testify with respect to the threats and harassment from Riley.
¶ 16. As noted by the State, jury instruction number 1 told the jury not to be concerned with the reasons for the court rulings on the admissibility of evidence and not to "infer from the rulings by the court on these motions or objections that the court has any opinion on the merits favoring one side or the other." "Appellate courts assume that juries follow the instructions." Edwards v. State, 737 So.2d 275, 319 (¶ 159) (Miss.1999) (citing Payne v. State, 462 So.2d 902, 904 (Miss. 1984)).
*430 ¶ 17. We find that Washington's assignment of error is not only procedurally barred for failure to make a contemporaneous objection but also without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO ATTALA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.