ISHEE, J., for the Court:
 

 ¶ 1. Artis F. Power was indicted by a grand jury in Choctaw County for two counts of statutory rape and one count of sexual battery. On August 19, 2008, after a trial by jury, Power was found guilty of one count of statutory rape. The circuit court sentenced Power to twenty years in the custody of the Mississippi Department of Corrections. Power timely filed a motion for a judgment of acquittal notwithstanding the verdict or, in the alternative, a motion for a new trial. The circuit court denied his motion, and Power timely filed this appeal.
 

 STATEMENT OF FACTS
 

 ¶ 2. During the course of Power’s trial, four witnesses testified for the prosecution: P.S., the victim’s mother; Billy Bla-
 
 *156
 
 lack, owner of the land where the events occurred; A.P., the victim’s sister-in-law; and B.S., the victim.
 
 [1]
 

 ¶ 3. According to the testimony of P.S., her husband and Power had been friends for more than twenty years. She further testified that during December 2006, B.S. was a babysitter for Power’s children, and in the spring of 2007, B.S. began to act “moody” and would “be mean to her brothers and sisters” more often than usual.
 

 ¶ 4. Blalack, an acquaintance of Power, had given Power permission to hunt on his land. Blalack testified he saw Power on his land on several occasions during December 2006. He further testified that he saw B.S. accompany Power on one of these occasions; Power was dressed in camouflage; and there was a gun in Power’s truck.
 

 ¶ 5. According to B.S.’s testimony, in November 2006, Power asked B.S.’s parents if she could accompany him on a deer hunt. Her father obliged, and B.S. and Power went hunting together. According to B.S., she and Power were in Power’s truck on Blalack’s land hunting when Power got out of the truck, walked over to the passenger side, got in, and had sex with her. B.S. testified she and Power had “done it like a couple more times” later that day in a deer stand. B.S. was thirteen years old at the time, and Power was thirty-three. In April 2007, B.S. told her sister-in-law about her encounter with Power. B.S. never went to the doctor to report what had happened to her, nor did she mention it to her doctor when she had an appointment for a CAT scan around December 2006.
 

 ¶ 6. At the close of the State’s case, Power moved for a directed verdict, asserting that the State had failed to meet its burden of proof. Power cited the lack of physical evidence and lack of corroboration of B.S.’s testimony. This motion was denied by the circuit court.
 

 ¶ 7. Power’s wife, Mary Power, testified on Power’s behalf. In her testimony, she claimed that in June 2006, Power had fallen while at work, seriously injuring his back. She further claimed that, as a result of his injury, Power was unable to work and was prescribed several medications that he took for approximately seven months. These medications, she said, rendered him impotent. Mary testified that she remembered Power taking B.S. to a deer stand to hunt on one occasion.
 

 ¶ 8. A.P., B.S.’s sister-in-law, testified as to the B.S.’s demeanor when she was first interviewed by the police in April 2007. A.P. claimed that B.S. “seemed happy,” and B.S. “didn’t seem like she was upset”; rather, it seemed to A.P. that B.S. was “almost bragging.”
 

 ¶ 9. The remainder of the defense testimony was largely related to Counts II and III, both of which Power was acquitted. Other than B.S.’s testimony, there was no physical, medical, or any other evidence of this incident.
 

 DISCUSSION
 

 I. Motion for a Directed Verdict
 

 ¶ 10. Power asserts that the circuit court erred in denying his motion for a directed verdict, stating that as a matter of law, Mississippi Code Annotated section 97-3-69 (Rev.2007), requires that where there is evidence contradicting a statutory rape charge, the charge must be independently corroborated by other evidence.
 
 *157
 
 Power asserts that he presented evidence which sufficiently contradicted B.S.’s statutory rape claim, and since her claim was uncorroborated, a directed verdict in his favor was in order.
 

 ¶ 11. While it is true that the totally uncorroborated testimony of the sex-crime victim is sufficient to support a guilty verdict, it is only where the uncorroborated testimony is consistent with the circumstances and is not discredited or contradicted by other credible evidence.
 
 Parramore v. State,
 
 5 So.3d 1074, 1077-78 (¶ 1) (Miss.2009). B.S.’s testimony was not discredited. The question then is whether Mary’s testimony concerning Power’s alleged impotence was sufficient to contradict B.S.’s testimony, or whether that testimony was simply a matter for the jury to consider.
 

 ¶ 12. Power argues B.S.’s testimony of that the statutory rape occurred was sufficiently contradicted by the testimony of Mary, who testified that Power was impotent and, therefore, incapable of having sexual relations due to the medications he was taking for his back injury. Power neither offered any medical proof to support Mary’s contention, nor did he offer any expert or medical opinions as to his alleged impotency. He never testified himself that he was impotent. Mary testified that her husband never mentioned the dysfunction at all, and her conclusion that he suffered from the condition rested on the fact that she had “read up” on the medications he was taking. Although Power’s alleged impotency arose in July 2006, he did not seek medical assistance for the problem until after he was arrested in April 2007. The mere testimony by his spouse that he was impotent, without more, is insufficient to contradict B.S.’s claim of statutory rape.
 

 ¶ 13. Power cites
 
 Upton v. State,
 
 192 Miss. 339, 6 So.2d 129 (1942) in an attempt to support his claim that testimony of his impotence is sufficient to contradict B.S.’s claim of statutory rape. However,
 
 Upton
 
 involved a prosecution for forcible rape, and while it is true that there was testimony presented by the defense to the effect that the accused was impotent, it was not that testimony alone that caused the Mississippi Supreme Court to order a new trial. Other than
 
 Upton,
 
 Power presents no decision, and we have found none, to demonstrate that a claim of impotency is itself sufficient to amount to a contradiction of a victim’s testimony. The jury was fairly and adequately instructed in reference to the law in regard to this case. The jury observed the witnesses, heard the testimony, and made a determination that the defendant was guilty. We find that Mary’s testimony regarding Power’s alleged impotence was insufficient to contradict B.S.’s testimony, and the circuit court did not err in denying Power’s motion. This issue lacks merit.
 

 II. Hearsay Testimony
 

 ¶ 14. Power argues that the trial court erred in admitting hearsay testimony from B.S. We disagree.
 

 ¶ 15. Toward the conclusion of the direct examination of B.S., the State asked B.S. whether she had told anyone “about all this.” B.S. replied that she told her sister-in-law. The defense objected on the ground of hearsay; the circuit court overruled the objection, stating that the question put to the witness did not call for an answer that would be hearsay. The State then asked B.S. who her sister-in-law was, and then the prosecutor asked her what she had told her sister-in-law. There was no objection to the latter question, and B.S. responded that she told her sister-in-law that Power had sex with her. B.S. went on to testify, again without objection
 
 *158
 
 by the defense, that B.S. sister-in-law told her husband about what B.S. had told her.
 

 ¶ 16. The answer given by B.S. to the question that was objected to was not hearsay. It was a simple statement of fact — a statement that she had made a statement to her sister-in-law. Testimony as to the fact a statement was made is not hearsay. As to the rest of the testimony, which possibly included hearsay statements, there was no objection to that testimony as it was given. The failure to make a contemporaneous objection waives the issue on direct appeal.
 
 Wells v. State,
 
 698 So.2d 497, 514 (¶ 21) (Miss.1997).
 

 ¶ 17. While Power relies upon
 
 Leatherwood v. State,
 
 548 So.2d 389 (Miss.1989) in his effort to demonstrate error in the admission of B.S.’s testimony, there was a proper and contemporaneous objection in
 
 Leatherwood
 
 that preserved the point on appeal. There was, as we have stated, none here. Therefore, Power is procedurally barred from raising this issue for the first time on appeal.
 

 ¶ 18. THE JUDGMENT OF THE CHOCTAW COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The Court of Appeals declines to identify the victim of sexual assault. In the interest of the child's privacy, the minor's name, as well as the names of family members, have been substituted with initials.