ROBERTS, J.,
concurring in part and dissenting in part:
¶ 21. I concur with the majority opinion in its discussion of all but one of the issues Johnson raised on appeal; my disagreement is with the majority’s finding that it was reversible error for Circuit Judge Marcus Gordon to reconvene the jury to return a verdict on Cumberland’s alienation-of-affection counterclaim. I would affirm on that issue.
¶ 22. Johnson filed a complaint in the Neshoba County Circuit Court on January 31, 2008, alleging Cumberland committed an assault and battery upon him on March 24, 2007. He sought damages of $125,000. In response to Johnson’s complaint, Cumberland answered and filed a counter-complaint seeking actual and punitive damages for Johnson’s actions in alienating the affections of Cumberland’s wife and for intentional or negligent infliction of emotional distress. The jury trial began on Monday, November 2, 2009, and ended on Tuesday afternoon, November 8, 2009. The jury returned a unanimous verdict that read, “We, the jury, find for the defendant, Marty G. Cumberland.” However, the jury did not provide a verdict on Cumberland’s alienation-of-affection counterclaim even though properly instructed by the circuit court.
¶ 23. The record in this case is, in many respects, woefully deficient. It is totally silent as to why neither the parties’ attorneys nor the circuit judge sought to send the jury back for further deliberations on the alienation-of-affections claim at the time the initial verdict was read in open court by the clerk. It appears to be a simple oversight by all concerned parties. Importantly, the circuit judge did not discharge the jurors from jury service, but the record reflects he “recessed” the court. Specifically, the trial judge stated: “You are recessed. You may pass out of the courtroom.” He instructed each juror to call the next afternoon, Wednesday, November 4, 2009, after 5:00 p.m. to receive instructions on returning for further jury duty on Thursday. The circuit court was in a continuance term from November 2, 2009, through November 25, 2009. No other warnings or instructions were given to the jury nor were any requested by either party. The record is also silent as to how the error in the verdict was called to the circuit court’s attention. It is possible that the error was discovered by counsel for both parties, and they requested the circuit judge to instruct the jurors to return Thursday morning to complete their verdict. On the morning of November 5, 2009, all twelve of the original jurors returned before the circuit judge, the parties, the parties’ attorneys, and other court staff. The jury was informed that a verdict on Cumberland’s alienation-of-affection claim was not returned with the original verdict, and the jury would be required to retire to the jury room for further deliberations considering the evidence that was presented on that sole issue. Juror Cater, the foreperson, stated, “I would just like to say I apologize and I take responsibility for the screw up there, but ... I do understand this time, and we will be taking care of that.” No additional evidence was produced by either party; no further closing arguments were made; and the jurors were instructed only on the forms of the possible verdicts on the alienation-of-affections counterclaim. The jury returned a unanimous verdict in favor of Cumberland which read, “We, the jury, find for the counter[-]plaintiff, Marty G. Cumberland, against the counter[-]defendant, Tommy D. Johnson, and assess his damages in the *653 amount of $10,000.” The record shows no evidence that any outside influence or extraneous information was received by any of the jurors from the time of their recess on Tuesday afternoon until they reconvened on Thursday morning. Before the Monday noon recess, the circuit judge specifically instructed them not to discuss the case among themselves or with anyone else. Upon return from the noon recess, the circuit judge questioned the jurors about whether they had complied with his instructions, and they all responded affirmatively. This was not a criminal case, so the jurors had not been sequestered meaning they were able to and did go their separate ways for the noon recesses and to their homes over-night. What is apparent from the record is neither Johnson nor Cumberland objected to acceptance of the original partial verdict or to the circuit court reconvening the jury on November 5, 2008, to fully dispose of the remaining issue in the case.
¶ 24. It is well settled that the failure to make a contemporaneous objection results in the waiver of the issue on appeal. Washington v. State, 957 So.2d 426, 429 (¶ 18) (Miss.Ct.App.2007) (citing Smith v. State, 797 So.2d 854, 856 (¶ 7) (Miss.2001)). The record is void of any objection by Johnson’s attorney that there was error in the circuit judge’s reconvening the jury to address Cumberland’s alienation-of-affection claim. It was only after the jury returned a $10,000 verdict against Johnson that Johnson’s counsel raised the issue in a motion for a remittitur or new trial. Johnson’s counsel was willing to await the outcome of the jury’s deliberations on the counterclaim before objecting. In my judgment, he is simply too late.
¶ 25. Johnson admits in his brief that “[i]f the jury has been recessed, rather than discharged, it may be reconvened.” This is precisely what happened in this case. As was described above, the circuit judge simply recessed the jury. Johnson next claims if the jury was recessed, the circuit judge had the affirmative duty to admonish the jury prior to each recess according to Uniform Rule of Circuit and County Court 3.11. No doubt that is the preferred practice; however, Johnson cites no authority supporting that a failure of the circuit judge to comply with Rule 3.11’s requirements, standing alone and without objection, requires reversal. We have found none either.
¶ 26. Additionally, the majority cites two cases to support its position that a mistrial on the counterclaim is the appropriate remedy: Adams v. Green, 474 So.2d 577 (Miss.1985), and Saucier v. Walker, 203 So.2d 299 (Miss.1967). I find them inapposite. In both cases, a partial verdict was accepted by the circuit court, which did not resolve all the pending issues presented by the parties, and a final judgment was entered on that partial verdict. An appeal ensued, and the Mississippi Supreme Court reversed and remanded the cases for a new trial on the issues that were not properly resolved. That is not what occurred in the case currently before us. Because the jury was reconvened and a verdict returned on the alienation-of-affeetion claim before the final judgment was entered on November 10, 2009, all issues in the case had been resolved. I believe the supreme court case of Universal C.I.T. Credit Corporation v. Turner, 56 So.2d 800 (Miss.1952), is much more applicable. In that case, the supreme court stated that: “The trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put then-verdict in proper form.” Id. at 803. I submit that is exactly what the circuit judge did in this case when he reconvened the recessed jury for the purpose of resolving the overlooked alienation-of-affec *654 tion issue. This action avoided the unnecessary expense and cost of retrial.
¶ 27. Because the majority would reverse and render this case for a new trial on the alienation-of-affection issue, I must respectfully dissent.
GRIFFIS, P.J., JOINS THIS OPINION.